The **BOARD OF EDUCATION CENTRAL SCHOOL DISTRICT NO. 2, OF the TOWNS OF BEDFORD, NEW CASTLE, NORTH CASTLE AND POUND RIDGE**, Plaintiff,

v.

**AETNA CASUALTY & SURETY CO.**, Defendant.

No. 68 Civ. 1162.

United States District Court
S. D. New York.

Dec. 16, 1969.

Louis E. Yavner, New York City, for plaintiff; Sheldon V. Burman, New York City, of counsel.

Max E. Greenberg, Trayman, Harris, Cantor, Reiss & Blasky, New York City, for defendant; Geo. N. Toplitz, David A. Trager, Max E. Greenberg, New York City, of counsel.

### MEMORANDUM

FRANKEL, District Judge.

In this suit upon a performance bond, removed from state court, the complaint was served March 12, 1968. After many successive adjournments, seemingly justified by unusual circumstances, the answer was served on October 3, 1969. Allowing three days for mail service,[1] plaintiff had until October 16 to demand a jury trial as of right.[2] The right was not exercised. On November 6 or 7, 1969, plaintiff's counsel requested defendant's consent to the late filing of a jury demand. As grounds for the request, counsel explained that he had suffered severe physical injuries in an accident in August, "which disabled him for a period of three and one-half weeks, and partially thereafter." Upon his return to work, the plaintiff's attorney submitted, he faced a pile of accumulated work in the press of which he overlooked the problem

1. Fed.R.Civ.P. 6(e).

2. Fed.R.Civ.P. 38(b).

of the jury demand. Having taken this prayer under advisement, defense counsel reported back on November 13 that there would be no consent to a late demand. Plaintiff moved promptly under Fed.R.Civ.P. 39(b) [3] for an order allowing a jury trial.

While the relief sought lies literally "in * * * discretion," the court's power has been shaped and confined by a fairly long course of precedent. The resulting "gloss upon the Rule" teaches that "mere inadvertence" will not excuse a failure to make a timely jury demand or justify a trial court in supplying the omission. Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir. 1967). Mindful of the limiting principle, but considering the trivial period of the neglect against the many months of agreed delay in the case, noting the absence of any affirmative claims of hurt on defendant's side, and moved by the specific grounds of personal misfortune urged by the movant, the court concludes on balance that the present motion should be granted.

The morale of our bar has to be a matter of steady concern. The public interest commands that we be rigorous in penalizing unexplained neglect, especially where it results in prejudice or injury to opposing parties or counsel. On the other hand, the good temper of the profession, upon which all are dependent, requires that we be solicitous concerning the human frailties and mishaps that afflict lawyers no less than the generality of mankind, especially when regard for such misfortunes is not indulged at a high cost in prejudice or injury to others.

It is in these terms a matter of weight when a lawyer is driven to plead on oath that personal injuries leading to disability and a backlog resulting therefrom account for brief tardiness in making demand for his client's constitutional right to a jury trial. The court is not disposed to weigh with a jeweler's precision the physical and emotional pressures upon counsel against the few days of grace at stake herein. In a case like this one, where there have been successive postponements extending over many months, it might have been hoped that the application for indulgence could have been made on consent. However that may be, there is no indication of any special hurt to defendant from the granting of the discretionary relief sought on this motion.

The defendant's point that there may be no factual issues to try is not a heavy counter on its side. If the prediction pans out, it makes no difference whether the elided trial would have been with or without a jury.

The court concludes in all the circumstances that "the moving party's showing *beyond* mere inadvertence is sufficient to justify relief." Noonan v. Cunard Steamship Co., *supra*, 375 F.2d at 70 (italics in original). The motion is granted.

So ordered.

---

3. "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."