William **BUSH**, Plaintiff-Appellant,

v.

**ALLSTATE INSURANCE COMPANY**,
Defendant-Appellee.

No. 28657

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 19, 1970.

Rehearing Denied May 4, 1970.

Donald Feldman, Feldman & Abramson, Miami, Fla., for appellant.

Dean, Adams, George & Wood, Richard B. Adams, Miami, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

■ This Florida-based diversity action is predicated upon an insurance company's alleged bad faith in failing to settle a personal injury claim within the limits of an insured's automobile liability insurance policy. A judgment in excess of the policy limits was returned in a Florida state court against the insured, and the insured brought this action for the portion of the judgment not satisfied by the insurance company. We affirm the judgment denying relief to the insured.[1]

William Bush, the appellant here, was sued in the Circuit Court of Broward County, Florida by Lummie McCord Grant for the injuries she sustained as a result of an automobile accident involving a vehicle owned by Bush. Allstate Insurance Company had issued a liability policy on this vehicle to Bush. This policy was limited to $10,000 payable for personal injury to one person. The insurer handled Bush's defense to the Grant claim. Shortly before trial of this claim was to begin, Grant's lawyer delivered a letter to the Allstate lawyers representing Bush. This letter read in part:

> "Please be advised that we hereby offer to settle this matter in full for $30,000. * * * However, although it would amount to a financial loss to our client, we would settle this litigation with you for your client's policy limits which we believe to be $20,000. This is a firm offer of settlement for $20,000 upon proper proof of the policy limits."

No settlement was made on the basis of this letter, and the trial was conducted, resulting in a judgment in favor of Grant for $24,000, plus interest and costs. The skeletal record presented to this Court gives almost no account of the

events that occurred before the trial of the Grant-Bush lawsuit. The opinion on the District Court, however, relates the following:[2] Less than two months before the trial, Grant's lawyer, while stating that he felt Grant's claim had great potential and that Allstate's lawyers were "sitting on a powder keg," declined to give a settlement demand to the insurer's representatives. When pressed for a demand, he mentioned $20,000. Then, some two weeks before the trial was scheduled to begin, he offered to settle for in excess of $40,000. At the charge conference conducted by the state trial judge, he offered to settle for $18,500, but warned that he could not guarantee his client's acceptance of this amount. Grant apparently thought her claim was worth much more. When the jury's verdict of $24,000 was later announced, she screamed derisively at the jurors.

After Allstate paid Grant the policy limits in partial satisfaction of her judgment, Bush sued the insurer in the Broward County Circuit Court to recover the remainder of the judgment. The suit was removed to the Federal District Court by Allstate. There, after a trial to the court, a judgment in favor of Allstate was entered on February 24, 1969. On this appeal Bush contends that the District Court erred in denying him a jury trial and in refusing him recovery.

We first consider Bush's contention that he should have been afforded a jury trial in the court below. The facts material to this contention are as follows. Bush had not demanded a jury trial in the state court before this case was removed to federal court by Allstate in December 1966. During the next eighteen months, in which discovery was being conducted and Bush's present lawyer was substituted as counsel of record for his original counsel, no demand was made

---

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5

Cir.R. 18; see Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, 527–530; Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805–808.

2. Bush v. Allstate Insurance Company, S.D.Fla., 1969, 296 F.Supp. 368, 369.

on Bush's behalf for a jury trial in the District Court. Then, on July 2, 1968, a pretrial conference was held. At this conference the lawyers for both sides and the District Judge labored under the assumption that this case was to be tried to a jury, notwithstanding that neither side had ever demanded a jury trial. Thereafter, on July 19, 1968, the clerk of the District Court set the case for a trial to the court to be held on September 16, 1968. In response to this action, plaintiff's lawyer filed a motion on July 25, 1968, for a trial by jury. This motion read in part:

"  *   *   * [I]t is acknowledged that request for jury trial was inadvertently omitted in the state court proceedings by former counsel of record for [Bush]. Thereafter it has been assumed by the parties that this cause was to be tried to a jury and that plaintiff's new counsel has always been under the inadvertent assumption that this cause was to be tried to a jury.

"The pre-trial stipulation and conference provided that this cause would be tried to a jury. *   *   *

"The first time that plaintiff's counsel was advised that this cause was not to be tried to a jury was the Honorable Court's notice of trial in this matter, said notice of trial being dated July 19, 1968. *   *   *"

The District Judge denied the motion. For reasons that follow, we conclude that Bush waived his right to a jury trial and that the District Judge did not abuse his discretion in denying Bush relief from this waiver.

■■■■ When this case was removed to the District Court, the Federal Rules of Civil Procedure became applicable. Fed.R.Civ.P. 81(c). Since Bush had not made an express demand for a jury trial in the Florida state court in accordance with Fla.R.Civ.P. 1.430, 30 F.S.A.,[3] he was required to make such a demand in the District Court within the period prescribed by Fed.R.Civ.P. 81(c).[4] His

3. Rule 1.430 of the Florida Rules corresponds to Fed.R.Civ.P. 38. It reads as follows:
   "(a) Right Preserved. The right of trial by jury as declared by the Constitution or by statute shall be preserved to the parties inviolate.
   "(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than ten days after the service of the last pleading directed to such issue. The demand may be indorsed upon a pleading of the party.
   "(c) Specification of Issues. In his demand a party may specify the issues which he wishes so tried; otherwise, he is deemed to demand trial by jury for all issues so triable. If he has demanded trial by jury for only some of the issues, any other party may serve a demand for trial by jury of any other or all of the issues triable by jury ten days after service of the demand or such lesser time as the court may order.
   "(d) Waiver. The failure of a party to serve a demand as required by this rule shall constitute a waiver by him of trial by jury. If waived, a jury trial may

   not be granted without the consent of the parties. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."
   We intimate no opinion regarding whether Bush actually had a right to a jury trial under Florida law. However this question should be answered, his failure to make an express demand in the Florida court meant that a demand had to be made in the federal court. See note 4 infra.

4. Rule 81(c) reads in pertinent part as follows:
   "[The federal] rules apply to civil actions removed to the United States district court from the state courts and govern procedure after removal. *   *   * If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law,

failure to make a timely demand constituted a waiver of his right to a jury trial. *Id.; cf.* Fed.R.Civ.P. 38(d).[5] Relief from that waiver was then to be found, if available at all, in an exercise of discretion by the District Court. Fed. R.Civ.P. 39(b).[6] We have recognized that "when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." Swofford v. B & W, Incorporated, 5 Cir., 1964, 336 F.2d 406, 409. It is not an abuse of discretion by a District Judge to deny a Rule 39(b) motion, however, when the failure to make a timely demand for a jury trial results from mere inadvertence on the part of the moving party. *See, e. g.,* Noonan v. Cunard Steamship Co., 2 Cir. 1967, 375 F.2d 69; 5 Moore, Federal Practice ¶ 39.09, at 719 (2d ed. 1969). In this case the excuse put forth by Bush was the inadvertence of both his lawyers. That the pretrial conference was conducted under the mistaken assumption that Bush had complied with the federal rules respecting demand for a jury trial does not strengthen this excuse under the circumstances here. Accordingly, the District Court was not required to order a trial by jury.

We next consider the merits of Bush's claim against Allstate. Finding that this claim is fatally incomplete, we conclude, as did the District Court, that Allstate may not be held liable under Florida law for the excess over policy limits of Grant's judgment against Bush.

In Florida an insurer is liable for the excess over policy limits of a judgment against its insured if it fails to exercise good faith in the defense, handling, or settlement of the claim upon which that judgment is based. Liberty Mutual Insurance Co. v. Davis, 5 Cir., 1969, 412 F.2d 475, 480; Burton v. State Farm Mutual Automobile Insurance Co., 5 Cir., 1964, 335 F.2d 317, 324 n. 14; Auto Mut. Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938); American Fire & Casualty Company v. Davis, 146 So.2d 615 (Fla.Dist.Ct.App.1962). When an insured sues to recover such an excess on the ground that the insurer's conduct in failing to effect a settlement within policy limits amounts to bad faith, it must be shown that the insurer had an opportunity to settle the claim against the insured within policy limits. That is, in refusal-to-settle cases, Florida law does not subject the insurer to liability for bad faith or conduct tantamount to bad faith in the absence of an offer by the person claiming against the insured to settle within the limits of the insured's policy. American Fidelity Fire Insurance Co. v. Johnson, 177 So.2d 679, 683 (Fla.Dist.Ct.App.1965), cert. denied, 183 So.2d 835 (Fla.1966); *accord,* Seward v. State Farm Mutual Automobile Insurance Co., 5 Cir., 1968, 392 F.2d 723, 727–728. *See also* Comunale v. Traders & Gen. Ins. Co., 50 Cal.2d 654, 328 P.2d

need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demand after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury."

5. Rule 38(d) reads as follows:
"The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

6. Rule 39(b) reads as follows:
"Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

198 (1958). In this case the District Court found that Allstate never had an opportunity to settle within the $10,000 limit of Bush's policy. On the record before us, we have no basis for saying that this finding was wrong. Bush, therefore, was not entitled to recover from Allstate.

Affirmed.