ADD–A–BIN CO., a Michigan corporation, Plaintiff,

v.

M.S.D. HOT MIX SURGE & STORAGE EQUIPMENT CORP., a New Jersey corporation, and Michael Dydzyk, jointly and severally, Defendants.

No. 71 Civ. 2527.

United States District Court,
S. D. New York.

Nov. 3, 1971.

Supplemental Opinion, Feb. 10, 1972.

Bierman & Bierman, New York City, for defendants.

Paskus, Gordon & Hyman, New York City, for plaintiff.

Schmier, Schmier & Dakmak, Detroit, Mich., of counsel.

GURFEIN, District Judge.

This is a motion to strike the plaintiff's demand for a jury trial pursuant to Fed.R.Civ.P. Rule 38(b). The plaintiff · is a Michigan corporation represented by both Michigan and New York counsel.

■ On June 7, 1971 the defendants were served with a complaint alleging patent infringement and unfair competition. The plaintiff was served with the defendants' answer and counterclaims on June 28, 1971. On July 16, 1971 the plaintiff through New York counsel served the defendants with a reply to defendants' counterclaims. Ten days later on July 27, 1971 the plaintiff's Michigan counsel mailed the plaintiff's demand for a jury trial to the plaintiff's New York counsel who served the demand upon the defendants on August 2, 1971.

Fed.R.Civ.P. Rule 38(b) provides, in pertinent part:

"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."

Failure to comply with Rule 38(b) constitutes a waiver of the right to trial by jury. Fed.R.Civ.P. Rule 38(d).

The defendants maintain that service of the demand was made beyond the ten days provided for by Fed.R.Civ.P. Rule 38(b) and that the demand should, therefore, be stricken. The plaintiff here was late in serving the demand for a trial by jury by six days. The plaintiff explains that the demand was prepared within the allotted time but that it had to be sent to New York counsel from Michigan, thus causing a longer time to elapse. The plaintiff asks the Court to excuse its lateness because the defendants were not surprised or prejudiced, the litigation is at an early stage, and the delay was only of several days.

■ We are limited in the application of discretion under Rule 38 by the gloss which case law has placed upon it. Where the plaintiff is able to show nothing more than "mere inadvertence," this Court may not exercise its discretion to overcome the waiver by ordering a trial by jury pursuant to Fed.R.Civ.P.Rule 39(b).* Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2 Cir. 1967); see Board of Education, etc. v. Aetna Casualty & Surety Co., 48 F.R.D. 402 (S.D. N.Y.1969). On the other hand, the circumstance that the actual counsel for plaintiff is an out of town lawyer does go a bit beyond "mere inadvertence." Since the delay was only of four business days an area of discretion remains.

The defendants' motion to strike the plaintiff's demand for a trial by jury is denied.

So ordered.

SUPPLEMENTAL OPINION

I decided on November 3, 1971 that in the special circumstances involved in the lateness by only several days of the plaintiff's demand for a jury trial, my discretion to allow a jury trial was not foreclosed by F.R.Civ.P. 38, and the gloss upon it in Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2 Cir. 1967). I adhere to the decision that, in the circumstances, the delay was not due to "mere inadvertence" and that the District Court had discretion to so rule.

■ On this request for reconsideration, however, I have come to the conclusion that my discretion should not be exercised in favor of ordering a jury trial in this case. The reason for my reconsideration is not based upon any technical arguments advanced by the defendant, but upon the ground that the principal claim for relief is patent infringe-

* "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

ment, although a claim for unfair competition is also made.

I am impressed by the comments of Judge Boreman in General Tire & Rubber Company v. Watkins, 331 F.2d 192, 197 (4 Cir.), cert. denied, 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964), with respect to the general undesirability of using a jury in a patent infringement case unless it is constitutionally required. Among the reasons for that conclusion are the technicalities involved in determining the issues of patent validity and infringement and the difficulties of charging the jury immediately upon the conclusion of the trial. Without detracting from the general usefulness of juries, these observations are well taken.

On further thought, therefore, since this is primarily a patent case, I will exercise my discretion the other way and hold, as a matter of discretion, that I will not relieve the plaintiff of his lateness in demanding a jury trial.

My previous order denying the defendant's motion to strike the plaintiff's demand for a jury trial is vacated, and the motion is granted.*

So ordered.

---

* Although the defendant makes this motion "to reconsider the decision" under F.R. Civ.P. 59, that rule is not applicable to a denial of a motion to strike, which is not a "judgment." I have treated the

motion, however, as a motion for reargument of the original motion under Southern District of New York General Rule 9(m).