**C. ALBERT SAUTER CO., INC.**

v.

**RICHARD S. SAUTER CO., INC., et al.**

**Civ. A. No. 72–1451.**

United States District Court,
E. D. Pennsylvania.

Sept. 8, 1972.

Irving R. Segal, and Sterling H. Schoen, Jr., Philadelphia, Pa., for plaintiff.

Francis E. Marshall, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

BRODERICK, District Judge.

The issue presented is whether the Court's discretion can be properly invoked in the circumstances of this case to order a jury trial pursuant to Rule

39(b),[1] Federal Rules of Civil Procedure, after an untimely demand from the defendant in this action.[2] The complaint in this anti-trust action for injunctive relief and damages was filed on July 21, 1972 and served on the defendant on August 3, 1972. Anticipating a scheduled hearing on the request for a preliminary injunction, the defendants filed their answer on August 8, 1972, only four days after the service of the complaint, although Rule 12(a), Federal Rules of Civil Procedure, allows 20 days from the service of the complaint for a responsive pleading. Defendant filed his request for jury trial on August 23, 1972, which the Court treats as a motion for a jury trial, within the twenty-day period provided for a responsive pleading but more than 10 days after filing his answer. The Court further notes that there were numerous conferences between counsel and several with the Court in anticipation of an early hearing on the injunction, and that the plaintiff was allowed extensive discovery by the defendants on August 3 and 4, 1972.

It is a well recognized principle that mere inadvertence in failing to file a jury demand is generally not sufficient to excuse non-compliance with Rule 38(b) and does not warrant a favorable exercise of discretion. Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir. 1967); Godfrey v. Pabst Brewing Company, et al., F.Supp. (E.D. Pa.1972) (Civ. No. 71–1049). However, in the circumstances of this case the defendant's failure to request a jury trial is not the result of mere inadvertence, but because of the preoccupation of his counsel's time with extensive discovery immediately following the service of the complaint requested by the plaintiff. It is noted that leave of court is generally required before depositions can be taken by the plaintiff prior to the expiration of 30 days from the service of the complaint. Rule 30(a), Federal Rules of Civil Procedure. Notwithstanding the rule, plaintiff was permitted to depose sixteen witnesses on defendant's premises on August 3 and 4, 1972. Defense counsel's diligence in hastily filing his answer to protect his client's interests on the preliminary injunction motion should not prejudice his client's right to trial by jury, particularly when the demand is only five days late and within twenty days of service of the complaint and there is no possible claim of prejudice due to such minimal delay. For these reasons, the Court concludes that this situation warrants the exercise of judicial discretion in favor of a jury trial. See Add-A-Bin Co. v. M. S. D. Hot Mix Surge & Storage Equipment Corp., 54 F.R.D. 1, 2 (S.D.N.Y.1971), reconsidered on other grounds, 54 F.R.D. 2 (1972); Board of Education v. Aetna Casualty & Surety Co., 48 F.R.D. 402, 403 (S.D.N.Y.1969).

Accordingly, the motion of the plaintiff to strike the jury demand is denied and the defense motion for a jury trial is granted.

---

1. Rule 39(b) in pertinent part provides: "Notwithstanding the failure of a party to demand a jury . . . the court in its discretion upon motion may order a trial by a jury."

2. Pursuant to Rule 38(b), Federal Rules of Civil Procedure, a written jury demand must be served "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."

According to subdivision (d), "failure of a party to serve a demand as required by this rule and to file it . . . constitutes a waiver of trial by jury."