**KENNETH MARK, Plaintiff**

v.

**ROSEMARIE FRANCIS, Defendant**

Civil No. 243/1980

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

June 10, 1981

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiff*

RICHARD D. KEELING, ESQ., St. Croix, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

A late jury demand has been made by plaintiff Kenneth Mark, and defendant Rosemarie Francis moves that the demand be

stricken. The court at the pretrial conference inappropriately indicated to Mark that he need not show any basis for his late demand pursuant to Fed. R. Civ. P. 39(b), but he must be required to do so.

■ A jury demand must be made within ten days after service of the last pleading directed to a jury triable issue. Fed. R. Civ. P. 38(b). Pleadings in this case closed with the service of Francis' answer on July 20, 1980,[1] and Mark's jury demand was not filed until May 21, 1981. Before making the formal written demand, Mark's counsel indicated at the March 6, 1981 pretrial conference that he planned to seek a jury trial. Counsel's comment was reflected in the pretrial order, which set the case for trial by the court "unless plaintiff files and the court accepts a jury demand" by a specified date.[2]

■ A jury trial cannot be demanded ten months after the right has been lost. Mark's jury demand was due no later than July 30, 1980, and by failing to file it by then the right was waived. Fed. R. Civ. P. 38(d). Mark's failure to comply with the Federal Rules of Civil Procedure cannot be excused merely because the court in its pretrial order indicated it would consider a late demand. See Bush v. Allstate Insurance Company, 425 F.2d 393 (5th Cir. 1970), cert. denied, 400 U.S. 833 (1970). The demand, therefore, must be stricken.

■■ If he wants a jury trial, Mark must move for one pursuant to Fed. R. Civ. P. 39(b). By its terms this rule permits a court, in its discretion, to excuse a party's failure to file a timely jury demand. Guidelines for exercising that discretion, however, range widely among different courts from freely to rarely allowing a jury trial after waiver of the right. See generally, C. Wright and A. Miller, 9 Federal Practice and Procedure § 2334, p. 112 (1971). A median, but liberal standard seems fairest.

■■ Blind adherence to technical time requirements clearly is not reflective of the spirit of the Federal Rules, and every substantive reason for granting a late demand for a jury trial should be considered. Mississippi v. Hurst, 41 F.R.D. 186 (N.D. Miss. 1966). See C. Albert Sauter v. Richard S. Sauter Co., 57 F.R.D. 537

---

[1] The answer was mailed to plaintiff Mark on July 16, 1980. Allowing three days for service and excluding Sunday, July 19, 1980, pursuant to Fed. R. Civ. P. 6(a) and (e), service was made on July 20, 1980.

[2] The case was set for trial by jury by order dated May 27, 1981 without consideration of any of these issues.

(E.D. Pa. 1972). Equally unreflective of the spirit of the law would be for the court freely to grant late jury requests for any reason. Such a position would be tantamount to abolishing the ten-day deadline for jury demands. Parties would never know to a certainty the type of case for which they would have to prepare—jury or non-jury—and that may affect the choice of discovery tactics and other pretrial strategy. Consequently, mere inadvertence of counsel, for example, often is rejected as a proper basis for granting a late jury trial demand. E.g., Bush v. Allstate Insurance Co., supra, 425 F.2d at 393.

■ Before this court will grant a late request for a jury trial, an adequate and persuasive basis must be stated, which amounts to more than inadvertence of counsel. Ligouri v. New York, New Haven, and Hartford Railroad Company, 26 F.R.D. 565 (D. Conn. 1961).

■ Consequently, because the pretrial order inappropriately indicated that Mark should file a late jury "demand" rather than a motion, he will be allowed to do so. Any motion for permitting a jury trial, however, must meet the minimal standards stated in this opinion. For these reasons, it is

ORDERED that plaintiff's jury demand is stricken from the record, and it is further

ORDERED that insofar as the order May 27, 1981 orders a trial by jury, that order is vacated, and it is further

ORDERED that plaintiff file any motion for a jury trial pursuant to Fed. R. Civ. P. 39(b) no later than June 12, 1981, and it is further

ORDERED that this case will remain on the trial calendar for the week of June 22, 1981. Trial will be by the court, or if an appropriate motion for a jury trial is filed and granted jury selection will be conducted on June 22, 1981, and it is further

ORDERED that a new deadline for the filing of proposed voir dire and jury instructions will be set, if needed, after resolution of any motion for a jury trial to be filed by plaintiff.