**In re FLAGSTAFF FOODSERVICE CORPORATION, Debtor.**

**FLAGSTAFF FOODSERVICE CORPORATION (Debtor-in-Possession), Flagstaff Foods of New England, Inc. (Debtor-in-Possession), Plaintiffs,**

v.

**CONSOLIDATED FOODS CORPORATION and PYA/Monarch, Inc., Defendants.**

Reorganization No. 81–B–11430 (PBA).
Adv. No. 81–5562–A.

United States Bankruptcy Court,
S.D. New York.

Dec. 23, 1982.

Bell, Kalnick, Beckman, Klee & Green, New York City, for plaintiffs; Barry R. Fertel, New York City, of counsel.

Wilner, Ross, d'Incelli & Ashinoff and Skadden, Arps, Slate, Meagher & Flom, New York City, for defendants; Reid L. Ashinoff, New York City, of counsel.

## DECISION ON DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY DEMAND

PRUDENCE B. ABRAM, Bankruptcy Judge.

The defendants in this adversary proceeding have moved to strike plaintiffs' demand for a jury trial as untimely. Plaintiffs have urged in their cross-motion that this Court grant their request, if untimely, as a matter of discretion. For the reasons discussed below, the Court has determined that it should not strike the jury trial demand and should exercise its discretion to permit the late demand.

The facts are as follows: On September 1, 1981 this adversary proceeding was commenced by the plaintiffs, Flagstaff Foodservice Corporation ("FF") and Flagstaff Foods of New England ("FN") (collectively "Flagstaff"), affiliated debtors in separate Chapter 11 cases, by the filing of a three-count complaint alleging, in substance, that the defendants, Consolidated Foods Corporation ("CFC") and PYA/Monarch, Inc. ("Monarch") (collectively "CFC/Monarch"), wrongfully hired a group of approximately eleven Flagstaff salesmen at a time when CFC/Monarch was engaged in negotiations to purchase the division for which the salesmen worked. The relief demanded directly and by way of an order to show cause was predominantly injunctive, although damages of $25 million, plus interest, and punitive damages in an unspecified amount were also sought, as was an accounting of sales made by defendants to plaintiffs' customers and those arising out of defendants' relationship with the eleven Flagstaff salesmen. The injunctive relief sought included a request for a temporary restraining order enjoining defendants, and their agents, servants and employees from using the confidential information and trade secrets acquired in the course of defendants' business dealings with Flagstaff and restraining the defendants from soliciting any employees of Flagstaff to leave Flagstaff or become the employees of CFC/Monarch.

On September 15, 1981 a hearing was held and the provisions for a temporary restraining order were struck from the order to show cause. The papers were endorsed "The application for temporary restraint is refused for the reasons described on the record" by the Honorable Roy Babitt, who has since resigned. Judge Babitt apparently refused the temporary restraint on the grounds that Flagstaff was unlikely to prevail on the merits. On September 25, 1981, Flagstaff's counsel advised the Court that it was withdrawing the motion for a preliminary injunction, which was scheduled for hearing on October 9, 1981.

On October 7, 1981 CFC/Monarch filed an answer denying the allegations of the complaint and alleging as affirmative defenses that the complaint failed to state a claim upon which relief could be granted and that an adequate remedy was available at law.

On November 4, 1981, Flagstaff sought leave to file an amended five-count complaint, leave being required by Bankruptcy Rule 715, incorporating Rule 15 of the Federal Rules of Civil Procedure since an answer had been filed, which leave was ultimately granted. On the face of the proposed amended complaint there appeared a demand for trial by jury, although no such demand had previously been made by either the plaintiffs or defendants. Two of the five counts in the amended complaint are new. One of these new counts, count one, which alleged that CFC/Monarch had repudiated an agreement to purchase the Flag-

staff New England operations, was dismissed by this Court in its opinion and order dated December 6, 1982 on defendants' motion for summary judgment on the grounds that it failed to state a claim on which relief could be granted. The other new count is count four, which alleges that the hiring of the eleven salesmen was a breach of certain written agreements entered into at the outset of the negotiations for the sale of the Flagstaff New England operations providing that information was being delivered to the defendants on a confidential basis (the so-called "confidentiality agreements"). Count four based on the confidentiality agreements is not within the four corners of the original complaint and is not a mere reformulation of a count of the prior complaint.

All demands for equitable relief were dropped in the amended complaint. Money damages of $25,000,000 are sought on each of counts two through five; as to count one, which has been dismissed, money damages of $15,000,000 were sought.

The motion and cross-motion require the Court to determine (1) whether there has been a waiver by the plaintiffs of the right to demand a trial by jury on any or all of the counts of the amended complaint;[1] and (2) if there was a waiver, whether this Court in the exercise of its discretion should nevertheless direct a trial by jury. Plaintiffs assert in their cross-motion that the motion should be granted for several reasons, among them that a single trier of fact is desirable since the waiver, if it occurred, did not reach all counts of the amended complaint, that there was no prejudice to defendants as the demand was made less than three weeks late and further that the issues were well suited to trial by jury. The defendants' principle argument in its motion to strike the jury demand is that no new issues were raised in the amended complaint and thus there is no right to trial by jury as to any issues and the exercise of discretion is inappropriate.

Turning to the first question, the Court has determined that a waiver occurred as a right to trial by jury existed on the original complaint and thus on counts two, three and five of the amended complaint which merely reformulate the original complaint. Had the original complaint sought only equitable relief, no right to a trial by jury would have existed. Under certain circumstances a claim for money damages is viewed as merely ancillary to the equitable relief sought and no right to trial by jury arises. *See, e.g., In re Checkmate Stereo & Electronics, Ltd.,* 21 B.R. 402 (D.C.E.D.N.Y.1982) (Money damages sought as alternative to recovery of fraudulently conveyed property does not give rise to legal issues entitling defendants to a jury trial.) If an original complaint seeks solely equitable relief, filing an amended complaint seeking legal relief would normally give rise to the right to demand trial by jury on the amended complaint. *See, e.g., Bereslavsky v. Caffey,* 161 F.2d 499 (2d Cir.1947) *cert. denied* 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355 (1948). Plaintiffs have not urged, nor does this Court think they could properly urge, that in this case, the claim for money damages in the original complaint was merely ancillary and that no right to trial by jury existed with respect to the original complaint. The United States Supreme Court in *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) held that the constitutional right to trial by jury could not be impaired by blending legal claims with equitable ones. *Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) further emphasized that the right to trial by jury cannot be lost by characterizing the legal claims as merely "incidental" to the equitable claims. In this case, CFC/Monarch's answer alleges that relief at law was available. In light of the denial of the request for a temporary restraining order here, the availability of equitable relief was in doubt. The less available is equitable relief, the less ancillary or incidental is the legal claim. Thus, as to counts two, three

1. In referring to the amended complaint, the Court is referring only to the four counts which remain after the grant of summary judgment as to count one.

and five waiver of the right to demand trial by jury occurred when no timely demand was made with respect to the original complaint.

■ As to count four, the confidentiality contract count, no waiver occurred because this was a new cause of action as to which a jury trial was timely demanded. Obviously, count four is related to the remaining counts because the conduct alleged to be in violation of the confidentiality agreements is the same conduct alleged to give rise to non-contract causes of action. But nowhere in the original complaint is there any reference to the confidentiality agreements. Nor is the existence of the contracts to be reasonably inferred from allegations in the original complaint. Although this count could have been included in the original complaint, it was not; as a new count, Flagstaff was entitled to demand trial by jury which it timely did. 9 Wright and Miller, *Federal Practice and Procedure* § 2320 at 94–96; 5 *Moore's Federal Practice* (2d Ed.), ¶ 38.41.

■ Turning to the second issue, whether this Court should, in the exercise of its discretion direct trial by jury on counts two, three and five, the initial question presented is whether the court has any such discretion. The Bankruptcy Rules make no provision for jury demands in connection with this type of adversary proceeding as under the former Bankruptcy Act the question did not arise. New rules based on the Bankruptcy Code have yet to be adopted by the United States Supreme Court. The Proposed Interim Rules cover the topic in Rule 9001 and those rules were adopted by this bankruptcy court as local rules. Interim Rule 9001, which is adopted from Rule 38 of the Federal Rules of Civil Procedure, requires that demand be made not later than 10 days after the last pleading directed to the issue as to which jury trial is sought. There is nothing comparable in the Interim Rules to Rule 39(b) of the Federal Rules of Civil Procedure, which provides that

"Notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Does the absence of a rule comparable to Federal Rule 39(b) mean there is no room for discretion? This Court thinks that it does not. The absence of a comparable rule is accounted for by the existence of Bankruptcy Rule 906(b) which provides that "the court for cause shown may at any time in its discretion" upon application made after expiration of the time period fixed for doing an act extend the time "when the failure to act was the result of excusable neglect." This Court is confirmed in its view that the drafters intended Rule 906 to function in this way by the proposed new Bankruptcy Rules which have been recently transmitted to the United States Supreme Court for approval. New Proposed Rule 9015 is comparable to Rules 38 and 39 of the Federal Rules of Civil Procedure and it provides in subsection (d) as follows:

"Notwithstanding the failure of a party to demand a jury when such a demand might have been made of right, the court on its own initiative may order a trial by jury of any or all issues."

In the Second Circuit, a gloss has been placed on Federal Rule 39(b) such that it would be reversible error to allow an untimely jury demand for "mere inadvertence." *Noonan v. Cunard S.S. Co.,* 375 F.2d 69 (2d Cir.1967); *Higgins v. Boeing Co.,* 526 F.2d 1004 (2d Cir.1975); 9 Wright and Miller, *Federal Practice and Procedure* § 2334 at 113–114. This Court believes that it would enhance uniformity for it to read into Bankruptcy Rule 906 as applied to untimely jury requests the discretion standards utilized in this circuit under Federal Rule 39(b).[2] Both plaintiffs and defendants

---

**2.** Although not warranting lengthy discussion, there is the possibility that there is a difference between the more than mere inadvertence standard and the excusable neglect standard. At

least one court has stated that "excusable neglect" requires a showing that "the failure to timely perform a duty [was] due to circumstances which were beyond the reasonable con-

have briefed this matter on the assumption that Federal Rule 39(b) controls directly, which it clearly does not. The Court is of the view that the number of procedural sources with which the bankruptcy practitioner must currently be familiar is excessive and confusing.

■ A review of *Noonan* and the cases in this circuit after it reveal that the "beyond mere inadvertence" standard requires a case by case determination of the facts. In *Board of Education v. Aetna Casualty & Surety Co.,* 48 F.R.D. 402 (S.D.N.Y.1969), the court granted a jury trial demand motion on a showing "beyond mere inadvertence" where the facts were that service of the complaint was made a year and a half before the answer was filed; three weeks after the last date to make demand, defense counsel asked for consent to file jury demand, which was refused; and defense counsel submitted that as a result of severe physical injuries suffered in a recent accident, he was faced with a pile of accumulated work in the press of which he overlooked the jury demand problem. In another case a motion was granted on the condition that the case would be consolidated for trial with another case in which a jury trial had been timely demanded because it removed undue burden on the court, although the court had not found the opinion of counsel that his predecessor erred in failing to make timely demand to be compelling. *Polak v. Koninklijke Luchtvaart Maatschappij N.V. KLM Royal Dutch Airlines Holland,* 19 F.R.D. 87 (S.D.N.Y.1956). Although on reargument the court in still another case determined that a jury trial would be inappropriate as it was a patent infringement case, the court found that a late demand of four business days caused by the fact that out-of-state counsel prepared demand timely but it first had to go to New York counsel went beyond mere inadvertence. *Add-A-Bin Co. v. M.S.D. Hot Mix Surge & Storage Equipment Corp.,* 54 F.R.D. 1 (S.D. N.Y.1972). In an action removed from state court, another court applied the more liberal state standard and granted a late demand when no prejudice had been shown and the demand was made less than three weeks late and not on the eve of trial. *Berger v. Goodyear Tire and Rubber Company,* 83 F.R.D. 114 (S.D.N.Y.1979). Compare *Judge v. Continental Casualty Company,* 93 F.R.D. 372 (E.D.Tenn.1981); and *Pawlak v. Metropolitan Life Insurance Co.,* 87 F.R.D. 717 (D.Mass.1980).

■ This Court has discussed its views on the law governing this dispute at length in its decision and order of December 6, 1982 denying summary judgment as to counts two through five. What constitutes inappropriately predatory conduct as to hiring of another's employees at will involves fine judgments as to standards of business morals. Matters of the credibility of witnesses are raised as are questions respecting motivation which can only be determined by inference. The request for a jury trial by plaintiffs was brought to the attention of defendants within three weeks after the last date on which a demand was required. This Court does not believe that plaintiffs' conduct was the result of a mere change of heart or that plaintiffs' conduct has prejudiced the defendants or interfered with the orderly administration of the courts.

It appears to the Court that at the time the original complaint was filed the plaintiffs genuinely were focused on obtaining an immediate equitable remedy, as to which no jury trial right would exist. The focus on equitable relief may have caused counsel not to adequately consider the availability of a jury trial on the damage issue. The Court notes that there has been the possibility of jury trials generally in the bankruptcy court only since the Bankruptcy Code became effective in late 1978. Jury trials are still so exceptional in the bankruptcy courts that the bankruptcy court has no established procedures for handling the me-

---

trol of the person whose duty it was to perform." *In re William L. and Annie R. Manning,* 4 B.C.D. 304, 305 (Bkrtcy.D.Conn.1978). This language suggests a stricter or different stan-

dard than the more than mere inadvertence standard and to that extent it is not being followed.

chanics of jury trials. That the rules governing the timing of a demand are only local rules indicates the procedural newness of this area.

Several factors take this case beyond mere inadvertence. Count four requires a jury trial on issues that include many of the same issues that must be tried on counts two, three and five. Having the same issues tried by a jury and also by the Court is not in the interests of judicial economy and raises the possibility of inconsistent results. See *Lemelson v. Gerber Products Company,* 39 F.R.D. 336 (E.D.N.Y.1966). The dominant relief sought in the original complaint was equitable. The relief now is entirely legal. No prejudice has been shown. The demand was made only three weeks late and did not interfere with the orderly administration of justice or calendaring the matter for trial. The right to trial by jury should not be lightly denied in light of the constitutional basis for the right. The issues are ones peculiarly within the abilities and province of a jury involving as they do issues of credibility, circumstantial evidence and business morality.

In the exercise of its discretion the Court denies the motion to strike plaintiffs' jury trial demand as to counts two, three and five of the amended complaint. The Court finds that plaintiffs are entitled to trial by jury as of right on count four.

SO ORDERED.