**JABER A. SAMAD, S & H MANAGEMENT CORP., Plaintiffs**

**v.**

**HIGH SOCIETY MAGAZINE, RUSSEL SMITH, Defendants**

Civil No. 82-26

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 1, 1983

ETHEL CARR HUNTER MITCHELL, ESQ., St. Thomas, V.I., *for plaintiffs*

JOSEPH BRUCE WM. ARELLANO, ESQ., St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Federal Rule of Civil Procedure 38(b) prescribes the procedure by which a party to a civil action may demand a jury trial:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after commencement of the action and *not later than 10 days after the service of the last pleading directed to such issue* . . . .

Fed. R. Civ. P. 38(b) (emphasis added). Failure to serve a demand within ten days of service of the last pleading constitutes waiver of the right to trial by jury. Fed. R. Civ. P. 38(d). See also, Walton v. Eaton Corp., 563 F.2d 66, 72 n.7 (3d Cir. 1977).

A party who has waived the right to trial by jury by failing to make a timely demand may move the trial court to order a jury trial notwithstanding the waiver. Fed. R. Civ. P. 39(b). Such a motion is addressed to the discretion of the trial court. See, e.g., William Goldman Theatres v. Kirkpatrick, 154 F.2d 66, 69 (3d Cir. 1946); 5 J. Moore, J. Lucan & J. Wicker, Moore's Federal Practice ¶39.09 (2d ed. 1982).

On January 29, 1982, plaintiffs filed the complaint commencing this libel action. Defendant High Society Magazine filed its answer on May 18, 1982. Defendant Russel Smith filed his response pro se on June 17, 1982. On December 20, 1982, plaintiffs filed a document styled "Plaintiff's Demand for Trial by Jury." Defendant High Society Magazine filed a motion to strike this jury demand on January 17, 1983. Finally, on September 19, 1983, plaintiffs responded to this motion with a document styled "Memorandum To Opposition To Defendant's Motion."

■ The document filed by plaintiffs in December 1982 was doubtless not a valid demand for jury trial. Plaintiffs had waived the right to demand a jury trial at least six months earlier by failing to serve the demand within 10 days of service of the last pleading. Fed. R. Civ. P. 38(d). The Court will thus treat plaintiffs' untimely demand for a jury trial, together with their response to defendants' motion to strike the demand, as a motion under Fed. R. Civ. P. 39(b) for jury trial notwithstanding prior waiver.

■ Plaintiffs direct the Court's attention to two district court decisions, scarcely of recent vintage, from which they apparently argue that "honest mistake" and "sheer inadvertence" excuse failure to comply with the requirements of Rule 38(b). We find "mistake"

363

and "inadvertence" most charitable explanations of plaintiffs' delay. Plaintiffs filed their jury demand, unaccompanied by explanation of delay, more than six months out of time. When defendant High Society Magazine moved to strike plaintiffs' untimely demand, plaintiffs failed to respond for over nine months. No definition of "inadvertence" or "mistake" encompasses conduct so decidedly dilatory. Moreover, we flatly reject plaintiffs' contention that inadvertence or mistake excuses failure to comply with Rule 38(b) so as to warrant the exercise of this Court's discretion under Rule 39(b). To the contrary, "[i]t is a well recognized principle that mere inadvertence in failing to file a jury demand is generally not sufficient to excuse non-compliance with Rule 38(b) and does not warrant a favorable exercise of discretion." C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc., 57 F.R.D. 537, 538 (E.D. Pa. 1972) (citations omitted). See also Rhodes v. Amarillo Hospital District, 654 F.2d 1148, 1152 (5th Cir. 1981); Bush v. Allstate Insurance Co., 425 F.2d 393, 396 (5th Cir. 1970); Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir. 1967); Todd v. Lutz, 64 F.R.D. 150, 152 (W.D. Pa. 1974); Supplies Incorporated v. Aetna Casualty & Surety Co., 18 F.R.D. 226, 228 (W.D. Pa. 1955).

 After arguing that inadvertent failure to timely demand a jury trial justifies the discretionary relief from waiver authorized by Rule 39(b), plaintiffs attempt to excuse their noncompliance with Rule 38(b) as deliberate, apparently unaware of the logical inconsistency of such contentions. Thus, plaintiffs assert that their failure to make a timely jury demand "was due to the initial fear and mistrust of plaintiff of fury [sic] in a case of this nature." Apparently in the fifteen months since plaintiffs waived their right to trial by jury their attitude toward juries has changed. Yet, Rule 38(b) requires that litigants weigh the advantages and disadvantages of a jury trial at the outset of litigation. Rule 39(b) is simply not designed to encourage belated changes of trial strategy. See, e.g., Reefer Express Lines v. Arkwright-Boston Manufacturers Insurance Co., Inc., 87 F.R.D. 133, 134 (S.D.N.Y. 1980). Indeed, it appears that judicial reluctance to grant relief from inadvertent failure timely to demand a jury trial is magnified where, as asserted here, the waiver was deliberate. See, e.g., William Goldman Theatres v. Kirkpatrick, 154 F.2d 66, 69 (3d Cir. 1946); Crawford v. Dominic, 85 F.R.D. 33, 34 (E.D. Pa. 1979).

 Plaintiffs have offered no explanation of their failure to comply with the requirements of Rule 38(b) sufficient to warrant

exercise of our Rule 39(b) discretion to grant relief from waiver of the right to trial by jury. Accordingly, we will strike plaintiffs' jury demand as untimely and will deny what we have construed as plaintiffs' motion for a jury trial notwithstanding prior waiver.

## ORDER

The premises considered and the Court being fully advised, IT IS ORDERED that the motion of defendant HIGH SOCIETY MAGAZINE to strike plaintiffs' jury demand be, and the same is, hereby GRANTED; and

IT IS FURTHER ORDERED that the motion of plaintiffs JABER A. SAMAD and S & H MANAGEMENT CORP. for trial by jury be, and the same is, hereby DENIED.