798 F.2d 1408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Argyrios FLIAKAS, Appellant,
v.
ARMY NAVY COUNTRY CLUB, Appellee.
Argyrios FLIAKAS, Appellee,
v.
ARMY NAVY COUNTRY CLUB, Appellant.
Argyrios FLIAKAS, Appellee,
v.
ARMY NAVY COUNTRY CLUB, Appellant.
 Nos. 85-23659(L)-85-2367(L).
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1986.
Decided Aug. 11, 1986.
 
 W. Michael Holm (Alan B. Croft; Hazel, Beckhorn and Hames on brief), for appellant.
 Sheldon I. Cohen (Gerald L. Kesten on brief), for appellee.
 E.D.Va.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Argyrios Fliakas was the maitre d'hotel at the Army Navy Country Club from September 1, 1981, until he was dismissed on November 30, 1984. Fliakas brought a variety of claims against Army Navy with respect to his employment and termination. We think that the district court properly rejected these claims, and we affirm in their entirety the decisions below.
 
 
 2
 Fliakas' first complaint alleged failure to pay overtime compensation, wrongful termination, breach of the covenant of good faith, and intentional infliction of emotional distress by Army Navy. That complaint also requested a jury trial. The district court granted summary judgment for Army Navy on the wrongful termination and breach of covenant claims. Fliakas the n amended his complaint, omitting the counts on which summary judgment had been granted and adding a count for conspiracy to interfere with the employment contract. The amended complaint did not include a jury request. Shortly before trial, Fliakas made, and the district court denied, a Rule 39(b) motion for a jury trial.
 
 
 3
 After Fliakas presented his evidence at the bench trial, the district court granted Army Navy's motion for a Fed.R.Civ.P. 41 (b) dismissal of the conspiracy and emotional distress claims. At the close of all the evidence, the court found for Army Navy on the overtime claim. Fliakas now appeals, contending that the district court erred when it granted defendant's motion for summary judgment on the wrongful termination claim and denied his Rule 39(b) motion fo r a jury trial.
 
 
 4
 Fliakas asserts that Army Navy wrongfully terminated him in Violation of the rules set forth in the Club employees, manual. When Fliakas was hired, he did not have a written employment contract, nor were any promises made about the duration of his employment. Some fourteen months after Fliakas began work, Army Navy gave him an employees, manual, which contained the rules and regulations of the Club. Fliakas argues that the manual is the basis for an express contract, and that he was not terminated according to the terms of that contract.
 
 
 5
 We need not reach the question of whether the manual constitutes an express contract, for it is clear that the employees' manual permits an employee to be dismissed for cause, and that there was no violation of the terms of the manual in this case. The record is replete with evidence of Army Navy's dissatisfaction with Fliakas. Colonel Joseph Sims, the general manager of the Club, stated in his affidavit that he had received a number of written complaints about Fliakas from Club members, and that he had passed these on to Fliakas. Fliakas' supervisor, Hubert Mills, had also sent him various written memoranda complaining that Fliakas was not supervising his staff properly, and that there were problems with scheduling.
 
 
 6
 The employees' manual says that an employee may receive a reprimand, suspension, or termination for inefficiency. Moreover, there is no requirement that Army Navy reprimand or suspend employees before terminating them. The manual says that, "[dlepending on the seriousness and frequency of the violation(s), Management may select termination over the first and second step if this is, in management's judgment ... in the best interest of the Club." Given the ample evidence in the record of Army Navy's dissatisfaction with Fliakas' work, the district court properly granted summary judgment for Army Navy on the issue of wrongful termination.
 
 
 7
 Fliakas' next contention is that he was improperly denied a jury trial. The first complaint requested a jury trial; the amended complaint did not. Appellant explains that the jury request was inadvertently omitted in the word processing of the second complaint. Thus there was no written request for a jury within ten days of the last pleading, as required by Fed.R.Civ.P. 38(b).
 
 
 8
 A week before the trial date, Fliakas made a motion for a jury trial under Fed.R.Civ.P. 39(b), which permits the court in its discretion to order a trial by jury. The district court denied the motion on the grounds that Local Rule 20 for the Eastern District of Virginia says that "[a]ny demand for jury must be in writing and filed strictly in accordance with Rule 38, Federal Rules of Civil Procedure." it is undisputed that Fliakas did not comply with Rule 38. We recognize that different judges proceed under Rule 39 in different ways. some variation is to be expected. Rule 39(b) gives discretion in this matter to district courts, and "it is not an abuse of discretion by a District Judge to deny a Rule 39(b) motion ... when the failure to make a timely demand for a jury trial results from mere inadvertence on the part of the moving party." Bush v. Allstate Insurance Co., 425 F.2d 393, 396 (5th Cir.), cert. denied, 400 U.S. 833 (1970). See also Mardesich v. Marciel, 538 F.2d 848 (9th Cir. 1976).
 
 
 9
 Here the excuse offered for noncompliance was feeble; counsel said that the jury demand had been inadvertently dropped in word processing. The district court did not abuse its discretion in denying Fliakas' Rule 39(b) motion.
 
 
 10
 Finally, Fliakas argues that Assistant Manager mills conspired with Robert Conklin, Fliakas' successor, to deprive him of his job. After hearing Fliakas' evidence, the district court granted Army Navy's motion for a Rule 41(b) dismissal, finding that upon the facts and the law, Fliakas had demonstrated no right to relief. We affirm the dismissal.
 
 
 11
 Fliakas attempted to show that mills had sexually harassed other employees of the Club, and that Mills wanted Fliakas terminated because he knew about the harassment. In fact, it appears from the record that knowledge of the allegations of sexual harassment was widespread, and extended to Colonel Sims, who was Mills' superior.
 
 
 12
 In considering a Rule 41 (b) motion, the court may "weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies." 9 Federal Practice and Procedure 5 2371 at 225. The findings of fact made by the district court cannot be set aside unless they are clearly erroneous. Id. 3 2376.
 
 
 13
 The district court found that Fliakas' knowledge of Mills' alleged improprieties was not the cause of Fliakas' termination. Moreover, the district judge found "no evidence . . . that Conklin had any knowledge of who was making advances to who at the Army Navy Club. Certainly [Conklin] is not part of any conspiracy."
 
 
 14
 The record supports the district court's determination that neither mills nor Conklin were motivated by Fliakas' knowledge of Mills' alleged harassment. Fliakas' inadequate performance was the reason for his dismissal, and, in turn, the reason for the failure of his lawsuit.
 
 
 15
 For the foregoing reasons, the decisions of the district court are
 
 
 16
 AFFIRMED.