**RALPH BURGESS and IVAN BUTCHER, II, Plaintiffs**

v.

**CHUCK HENDLEY, ESTATE OF JUDITH'S FANCY HOME-OWNERS' ASSOCIATION, INC., and JOHN DOE II, Defendants**

Civil No. 203/1990

Territorial Court of the Virgin Islands

Div. of St. Croix

August 16, 1991

MICHAEL A. JOSEPH, ESQ., St. Croix, V.I.

R. ERIC MOORE, ESQ., Christiansted, St. Croix, V.I.

JOHN A. ZEBEDEE, ESQ. (LAW OFFICES OF JAMES L. HYMES, III), St. Thomas, V.I.

SMOCK, *Judge*

## MEMORANDUM OPINION

One year and two months after the filing of the last of the defendants' answers to the First Amended Complaint, the plaintiffs, Ralph Burgess and Ivan Butcher, II, have now requested a trial by jury pursuant to F.R.Civ.P. Rule 38, 5 V.I.C. App. I. The motion will be denied.

## I. BACKGROUND

This action for damages was filed by the plaintiffs on March 27, 1990. Following recusals by Judges sitting in the St. Croix Division

of the Territorial Court, this case was sent to the undersigned Judge. A First Amended Complaint was filed on April 14, 1990. No demand for jury trial was endorsed on either the original or amended complaint. Answers to the First Amended Complaint were filed on April 23, 1990 and May 21, 1990. Again, no demand for a jury trial was made by the defendants. A pretrial conference was conducted on August 6, 1990 for the purposes of coordinating discovery and providing for motion deadlines. No request was made for a jury trial.

Thereafter, this matter was assigned to the Honorable Almeric L. Christian, Senior Sitting Judge, who scheduled a status call for April 23, 1991. Judge Christian later recused himself from hearing the matter, and it was reassigned to this Judge. A further pretrial conference was scheduled for June 21, 1991. At that conference, the parties were directed to complete all discovery on or before October 31, 1991, and to file all motions on or before November 20, 1991. Shortly thereafter, this motion for jury trial followed.

## II. DISCUSSION

■ Rule 38 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, provides, in part:

. . . . .

(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

. . . . .

(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

. . . . .

The plaintiffs argue that, notwithstanding their untimely demand for jury trial, the court should exercise its discretion and relieve them from the consequences of their failure to comply with Rule 38(b). They place mistaken reliance upon the case of Mark v. Francis, 17

174

V.I. 278 (T.Ct. 1981), which discusses the applicability of F.R.Civ.P. Rule 39(b) to untimely jury demands.[1] The court in Mark held that,

> Blind adherence to technical time requirements clearly is not reflective of the spirit of the Federal Rules, and every substantive reason for granting a late demand for a jury trial should be considered. Mississippi v. Hurst, 41 F.R.D. 186 (N.D. Miss. 1966). See C. Albert Sauter v. Richard S. Sauter Co., 57 F.R.D. 537 (E.D.Pa. 1972). Equally unreflective of the spirit of the law would be for the court freely to grant late jury requests for any reason. Such a position would be tantamount to abolishing the ten-day deadline for jury demands. Parties would never know to a certainty the type of case for which they would have to prepare—jury or non-jury—and that may affect the choice of discovery tactics and other pretrial strategy. Consequently, mere inadvertence of counsel, for example, often is rejected as a proper basis for granting a late jury trial demand. E.g., Bush v. Allstate Insurance Co., supra, 425 F.2d at 393.

> Before this court will grant a late request for a jury trial, an adequate and persuasive basis must be stated, which amounts to more than inadvertence of counsel. Ligouri v. New York, New Haven, and Hartford Railroad Company, 26 F.R.D. 565 (D. Conn. 1961).

17 V.I. at 280, 281. This standard strikes a balance between blind adherence to the time requirement of Rule 38(b) and a virtually unrestricted right to secure trial by jury at any stage of the pleadings. Thus, the court must find in the record a substantive reason for granting an untimely jury demand, and mere inadvertence of counsel alone is clearly not a substantive reason.[2]

---

[1] That subsection provides, in part, that, ". . . notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

[2] The plaintiffs cite four cases, apparently for the proposition that substantive reasons need not be found in the record to allow an untimely jury demand. All of these cases arose outside the Third Circuit. In Pinemont Bank v. Belk, 722 F.2d 232 (5th Cir. 1984), the court found that there was a substantive reason for granting a late delay. To the extent the three other cases appear to accept some form of compelling inadvertence of counsel as a basis for relief, Previn v. Barell, 14 F.R.D. 466 (E.D.N.Y. 1953) (". . . distressing partnership controversies" which distracted counsel), Tavoulareas v. Piro, 93 F.R.D. 11 (D.D.C. 1981) (". . .

Given the tenor of the cases cited by the plaintiffs in their motion, one might have thought that inadvertence of counsel formed the basis for failure to timely demand a jury. Such is not the case. In their further response to the defendants' opposition to jury trial, they now assert that the original failure to demand a jury was a deliberate trial strategy. Even if this court found the plaintiffs' rationale for the strategy convincing, and it does not,[3] this issue has been previously addressed in Samad v. High Society Magazine, 20 V.I. 361 (D.V.I. 1983);

> ... Rule 38(b) requires that litigants weigh the advantages and disadvantages of a jury trial at the outset of litigation. Rule 39(b) is simply not designed to encourage belated changes of trial strategy. See, e.g. Reefer Express Lines v. Arkwright-Boston Manufacturers Insurance Co., Inc., 87 F.R.D. 133, 134 (S.D.N.Y. 1980). Indeed, it appears that judicial reluctance to grant relief from inadvertent failure timely to demand a jury trial is magnified where, as asserted here, the waiver was deliberate [Citations omitted].

20 V.I. at 364.

■ The sole reason, then, for now requesting a jury trial is the plaintiffs' change of attitude toward St. Croix jurors. That being the case, the plaintiffs are not entitled to trial by jury, and their motion will be denied.

## ORDER

This matter is before the court on the plaintiffs' motion for a jury trial pursuant to Rules 38 and 39(b) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I. In accordance with the court's Memorandum Opinion of even date, it is

---

press of other business during the holiday season.") and Pawlak v. Metropolitan Life Insurance Co., 87 F.R.D. 717 (D. Mass. 1980) (moving party must have "... a reasonable excuse ..." or "... some articulable reason ..." for failure to make timely demand), the short answer is that this court is bound by Mark, supra. None of these cases have been cited with approval in either this court or the District Court of the Virgin Islands.

[3] Plaintiffs argue that the effects of Hurricane Hugo on a St. Croix jury panel were such that they believed they could not have gotten a fair trial in 1990, and only now is "the mental state of the St. Croix community ... returning to normalcy for all practical purposes."

ORDERED that the plaintiffs' motion for trial by jury is hereby DENIED; and it is further

ORDERED that copies of this order shall be directed to Michael A. Joseph, Esq., R. Eric Moore, Esq., and John A. Zebedee, Esq. (Law Offices of James L. Hymes, III).