**Mary PAWLAK, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

Civ. A. No. 78–362–K.

United States District Court,
D. Massachusetts.

Sept. 10, 1980.

Stephen J. Abarbanel, Latti Associates, Boston, Mass., for plaintiff.

Will J. Bangs, Choate, Hall & Stewart, Boston, Mass., for defendant.

Memorandum and Order

KEETON, District Judge.

This case is before the court on plaintiff's motion for trial by jury, which defendant has opposed and moved to strike.

Plaintiff, as beneficiary of the deceased John S. Pawlak under an employer's group life insurance policy issued by defendant, seeks to recover "accidental death" benefits in excess of $11,000 under the policy. John S. Pawlak died on March 8, 1976 of a myocardial infarction. At issue are the causal relationship between an alleged industrial accident and Mr. Pawlak's death, whether coronary heart disease contributed to Mr. Pawlak's death, and whether his death resulted from an accident within the terms of the accidental death provision of the insurance policy.

The action was originally filed in Massachusetts Superior Court on December 30, 1977, and was removed to this court on February 10, 1978. Jurisdiction is based on diversity of citizenship. Plaintiff did not demand a jury trial in the complaint, and made no jury demand within the time provided in Fed.R.Civ.P. 38(b). On April 14, 1980, plaintiff filed a "Demand for Jury Trial of All Issues," which was supplemented on May 6, 1980 by plaintiff's motion for trial by jury. Both parties have submitted memoranda. Trial is scheduled for October 6, 1980.

In support of her motion, plaintiff states (1) that a jury demand was omitted "either by inadvertence or mistake" from the pleadings, which were filed by an attorney no longer with the firm representing plaintiff, (2) that the issues in this case, "particularly with regard to medical evidence concerning causal relation of an accident involving plaintiff's decedent and his death," are best decided by a jury's fact finding, (3) that plaintiff would be prejudiced by the loss of this important procedural right, and (4) that defendant will suffer no prejudice from the granting of plaintiff's motion. Defendant argues (1) that under the Federal Rules of Civil Procedure plaintiff's demand is untimely, and that the failure to file a timely demand constitutes a waiver of

the right to jury trial, (2) that plaintiff has failed to show special circumstances justifying the court in excusing plaintiff's counsel's oversight, (3) that granting plaintiff's late demand "will undoubtedly delay this trial significantly and may prejudice the defendant."

Under Fed.R.Civ.P. 38(b) trial by jury must be demanded "not later than 10 days after the service of the last pleading directed to such [jury–triable] issue."[1] In this case the relevant pleading, defendant's answer, was filed on March 22, 1978. Fed.R.Civ.P. 38(d) provides that failure to serve a timely jury demand constitutes a waiver of the right to jury trial. However, Fed.R.Civ.P. 39(b) provides that ". . . notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues."

There is considerable conflict in the cases as to the standard by which a district court should exercise its discretion in deciding a motion under Rule 39(b). The Court of Appeals for the Fifth Circuit has stated the rule that "the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965). See also *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965). In contrast, other courts have required a showing of special circumstances to warrant granting motions under Rule 39(b). The Court of Appeals for the Second Circuit has held that in light of the "continued and consistent course of decision" of trial judges in that circuit, "the area open to a judge's discretion has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief." *Noonan v. Cunard*

---

1. In cases removed from state courts, Fed.R. Civ.P. 81(c), requiring a jury demand to be filed within 10 days after service on the plaintiff of notice of removal, is applicable only where "at the time of removal all necessary pleadings have been served." Where, as here, defendant did not answer until after removal, the timing provisions of Rule 38(b) apply.

*S.S. Co.*, 375 F.2d 69, 70 (2d Cir. 1967). See *Mason v. British Overseas Airways Corp.*, 20 F.R.D. 213, 214 (S.D.N.Y.1957) ("[A] party will not be relieved from a waiver of jury trial except under highly exceptional circumstances"); *compare* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2334, at 115–16 (1971) [hereinafter cited as Wright & Miller] (opposing presumption against granting Rule 39(b) motions because "imposing a penalty for default by denying a jury trial is not in the spirit of the rules"). To date, the Court of Appeals for the First Circuit has not decided this issue.

■ The factual premise for application of the *Noonan* rule is absent here.[2] No "continued and consistent course of decision" such as formed the basis for the rigorous standard of *Noonan* has been alleged to exist in this circuit; nor is this court aware that such a course of decision has developed. In these circumstances, the trial judge is not required to deny late jury requests merely because the movant's explanation for late filing is inadvertence.[3] Rather, it is appropriate to consider, in making a discretionary decision, not only the reasons advanced for failure to make a timely jury request but also factors more broadly concerned with the administration of justice. Thus, a court may take into account the nature of the issues in the particular case: Does the case turn primarily on fact questions that can readily be understood by a jury? To what extent will special instructions on the law be required in order for a jury to understand the issues? How do the answers to these and other questions about the nature of the issues affect estimates about whether trial will be delayed or lengthened by granting the request for jury trial?

■ The issues in this case are particularly appropriate for trial by jury. The case is relatively simple and straightforward, both factually and in terms of the applicable law. Key issues involve the weighing of medical evidence to determine the extent to which an alleged occupational accident (or, alternatively, the decedent's alleged heart disease) brought about Mr. Pawlak's death, and to determine whether his death was purely "accidental" within the meaning of the insurance policy. Juries are especially well suited to deciding such evaluative issues.

The court is reluctant to permit the inadvertence of an attorney to cause the forfeiture of the client's important procedural right to jury trial in such a case as this one, unless some prejudice to the defendant or to the administration of justice generally is likely to result. No such countervailing factors are present here. Although the prospect that the opposing party would be prejudiced by allowance of a late request for jury trial is a weighty consideration, a mere showing of a tactical preference for nonjury trial is not a demonstration of prejudice in the relevant sense. In the present case no delay, no lengthening of trial, no

2. In *Noonan*, Judge Friendly observed that "Defendant has cited eighteen reported decisions by district courts within this circuit to the effect that mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b), and plaintiff apparently has found none to the contrary, here or elsewhere." 375 F.2d at 70.

3. Although courts frequently have held that mere inadvertence of counsel, without more, is insufficient to justify granting a late jury demand, *e. g., Bush v. Allstate Insurance Co.*, 425 F.2d 393, 396 (5th Cir.), *cert. denied*, 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64 (1970), such motions are properly granted where the moving party presents a reasonable excuse for failure to make a timely demand for jury trial or where some articulable reason exists for allowing the motion. Among the factors considered by courts in deciding such motions are the existence of an honest mistake, whether the issues are of a type best tried by jury, the complexity of the issues, the length of the delay and timing of the demand relative to the trial date, prejudice to the other party, and the effect of an additional jury trial on a court's crowded docket. See 9 Wright & Miller § 2334, at 116–23.

added cost of trial, and no relevant prejudice in any other sense is shown.

Contrary to the folklore, it has become apparent, at least in this court, that *nonjury* trial of cases of the type presented here is likely to consume *more* judicial resources than jury trial. The preparation of the detailed findings of fact and conclusions of law required by Fed.R.Civ.P. 52 typically requires more time and attention than the preparation of jury instructions. Also, probably most trial lawyers would agree that preparation of proposed findings of fact and conclusions of law generally consumes more lawyer time than drafting proposed jury instructions for the same case. In this court, in relation to short cases, such as counsel in pre–trial submissions predict that this one will be, the choice between jury and nonjury trial does not significantly affect or delay the trial date. Moreover, the parties are more likely to receive a very prompt final disposition upon a jury's verdict than in a case tried to the court.

These factors, together with the strong, historic federal policy favoring trial by jury of issues of fact, see, *e. g., Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501, 79 S.Ct. 948, 951, 3 L.Ed.2d 988 (1959); 9 Wright & Miller § 2302, at 17, justify granting plaintiff's motion for jury trial.

It is therefore ORDERED:

(1) Plaintiff's motion for trial by jury is allowed.

(2) Defendant's motion to strike plaintiff's late claim for jury trial is denied.