**Pedro J. ALGARIN–TORRES, Irene Fernandez, Luis Guillermo Rodriguez, Maria Diaz–Rivera, and the conjugal partnership she has established with Juan Ramon Luna; Maria Luisa Torres and the conjugal partnership she has established with Angel Luis Rivera, Rafael Alamo and the conjugal partnership he has established with Carmen Velazquez–Alvarez, Plaintiffs,**

v.

**UNIVERSITY OF PUERTO RICO, Cayey University College, Mariano Rivera, Fulana and their conjugal partnership; Margarita Benitez; Osvaldo Orraca, Sutana and their conjugal partnership; Isabel Delgado–Laborde, Marcos Laborde and their conjugal partnership; Leonilda Rodriguez Rosa Lydia Suarez; Ivette Torres–Toro Jose Jaime Rivera and their conjugal partnership, Defendants.**

No. Civ. 86–0596CC.

United States District Court,
D. Puerto Rico.

May 23, 1989.

Rafael González–Vélez, Hato Rey, P.R., for plaintiffs.

James D. Noel, III, Ledesma, Palou & Miranda, Hato Rey, P.R., for defendants.

## ORDER

CEREZO, District Judge.

This matter is before the Court on the issue of whether the case is to be tried by jury. The parties have taken issue on this matter at this stage of the proceedings as a result of the February 27, 1989 Order. It developed as follows. The case was set for trial on February 24, 1989. Even though the Court understood that this was going to be a bench trial since no specific jury demand could be found in the record, both parties filed proposed jury instructions.

The Court took notice of these facts. Since the trial setting of the case was vacated on February 23, 1989 due to conflict with the trial of Criminal Case No. 88–0479CC, *United States v. Pedro Ortiz–Alarcón*, and no new trial date had been set, plaintiffs were ordered on February 27, 1989 to clarify this matter. In their motion in compliance plaintiffs contended that the pretrial order contained an agreement by the parties to try the case before a jury. Both the September 22, 1987 pretrial order and the October 1, 1987 pretrial conference report provide for submitting proposed *voir dire* and jury instructions.

Defendants opposed the case being tried by a jury and requested leave to withdraw the proposed jury instructions that they had filed. Their opposition basically rests upon plaintiffs' failure to timely inform the defendants and the Court of their demand for a jury trial, pointing out that under Federal Rule of Civil Procedure 38(d) failure to serve a demand constitutes a waiver. Defendants argue that there is no specific request in the record for a jury trial other than the reference in the pretrial order to the effect that jury instructions must be filed three days before trial. Defendants claim this reference was an oversight given the format of the standard order setting the pretrial conference, and request that it should not be taken as an agreement by the parties to try the case by jury. They also argue that even if the Court deems that a jury demand was made at the pretrial conference, it should be denied as untimely.

Plaintiffs have stated in their reply to defendants' opposition that during the pretrial stages of the case and during conversations with opposing counsel, they discussed the desirability of having the case heard by a jury. They contend that once they examined the proposed pretrial order which was prepared by the defendants, and which included the jury instructions provision, it was understood that defendants agreed having the case tried by jury.

The Court is not going to decide whether the attorneys have misled the court or each other. Both concede that this matter was discussed by them prior to the pretrial conference. In fact, the record shows that both parties were ready to proceed to have the case tried by jury, and that it was the defendants who were opposing plaintiffs' attempts to obtain a continuance of the trial setting. Taking plaintiffs' motions in response to the Court's order as a request for a jury trial under Federal Rule of Civil Procedure 39(b), we shall examine whether under the circumstances of this case it is appropriate that the case be tried by jury.

Federal Rule of Civil Procedure 38(b) requires that a jury demand be timely made, no later than ten days after the service of the last pleading directed to such issue. If no jury demand is made as provided by the rule, Federal Rule of Civil Procedure 38(d) dictates that the right of the party to have the case tried by a jury is deemed **waived**. Nevertheless, Federal Rule of Civil Procedure 39(b) affords district courts discretion in ordering that the case be tried by jury, even when **no timely motion is filed**.

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Although the rule does not provide guidelines for the exercise of the court's discretion in ruling upon an untimely jury request, "[t]he rules are designed to achieve substantial justice and the court has discretion to relax the time require-

ment for demanding a jury trial on a motion to grant a jury trial to a party who has waived it by failing to make a timely demand." Wright & Miller, *Federal Practice and Procedure: Civil* Section 2334 (1971 Ed.), at p. 111.

> There is wide divergence of view on how the court should exercise its discretion on a motion under Rule 39(b). It is the rule in some courts that 'the court should grant a jury trial in the absence of strong and compelling reasons to the contrary.' Elsewhere it has been held that the court has no discretion to grant jury trial when there was no timely demand unless there are special circumstances excusing the oversight or default.

*Id.*, at p. 113 (citations omitted). Professor Wright suggests that undue emphasis must not be placed on a party's failure to make a timely demand.

> Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied.

*Id.*, at pp. 115–6 (citations omitted).

Our Circuit first addressed this issue in *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194 (1st Cir.1987). After discussing the two approaches taken by other courts in defining the boundaries of Federal Rule of Civil Procedure 39(b), it noted: "We are of the view that the discretion under Rule 39(b) is *very broad* and that the case would be very rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion." 832 F.2d, at p. 200 (emphasis in original, underlined emphasis supplied).

Just like in *Rowlett*, defendants are not prejudiced by the granting of the Rule 39(b) motion. The trial was continued for reasons other than the untimely request and no trial date has been set. There is no unfair surprise present here. Particularly relevant is the case of *Pawlak v. Metropolitan Life Ins. Co.*, 87 F.R.D. 717 (D.Mass. 1980), cited with approval in *Rowlett*, 832 F.2d, at 200, where the court concluded that the court should not look only at the reasons advanced for the party's failure to make a timely demand, but also to other factors concerned with the administration of justice.

> [A] court may take into account the nature of the issues in a particular case: Does the case turn primarily on fact questions that can be readily understood by a jury? To what extent will special instruction on the law be required in order for a jury to understand the issues? How do the answers to these and other questions about the nature of the issues affect estimates about whether trial will be delayed or lengthened by granting the request for a jury trial?

Defendants in this case focus only on the untimeliness fact of the jury request, nevertheless, there is no allegation that the particular issues of this case weigh in favor of a bench trial. Nor is there an allegation of prejudice. The fact is that the trial setting was vacated due to conflict with a criminal case that was being tried at that moment, and no trial date has been set as of this date. Both parties had already submitted proposed jury instructions. Cases of this sort, where the plaintiffs allege violation of their civil rights by defendants based on their political beliefs are routinely tried by juries in this District. None of the circumstances that would weigh in favor of defendants' request are present in this case. The administration of justice, as well as the interests of both parties, are better served by the decision the Court reaches today.[1]

Absent any showing of actual or potential prejudice and considering the strong federal policy favoring trial by jury of is-

---

1. *See Pawlak*, 87 F.R.D, at 720.

sues of fact, the Court hereby DENIES defendants' requests and ORDERS that this case be tried by a jury.

The trial is set for August 24, 1989 at 9:30 AM.

SO ORDERED.