Mercedes **JENOURI**, Plaintiff,

v.

**WAPA–TV PEGASUS BROADCASTING OF SAN JUAN, INC. and Televicentro Films, Inc., Defendants.**

**Civ. No. 89–0211 GG.**

United States District Court, D. Puerto Rico.

Aug. 24, 1990.

James A. Toro, Nachman & Fernández Sein, Santurce, P.R., for plaintiff.

Edna Hernández, Lasa, Escalera & Reichard, San Juan, P.R., for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

On November 6, 1989 plaintiff Mercedes Jenouri requested leave to file an amended complaint in order to conform her allegations to certain testimony obtained during discovery, to set forth with greater specificity the claims pertaining to defendants' alleged failure to promote plaintiff, and to enter a demand for a jury trial pursuant to Rule 39(b) of the Federal Rules of Civil Procedure. Plaintiff's motion to amend the complaint was granted by the magistrate. Now pending before us are plaintiff's motion under Rule 39(b), the opposition regarding the trial by jury issue filed by defendants Wapa TV Pegasus Broadcasting of San Juan, Inc. and Televicentro Films, Inc., and plaintiff's reply to said opposition.

Plaintiff states in her motion for jury trial that all new factual amendments contained in the amended complaint refer to the same issue—plaintiff's claim of sex discrimination. She is aware that there are no new issues that would constitute an additional cause of action upon which she can base her jury demand. Plaintiff argues that the court may choose to order a jury trial when that right has been waived, if compelling circumstances that could vindicate the initial failure to request jury trial are present. Wright & Miller, *Federal Practice and Procedure*, § 2336. She claims not to have requested jury trial because, at the time the original complaint was filed, no such right had been recognized in sexual discrimination actions like this one.

Plaintiff argues that an analysis of recent eleventh circuit cases has lead her to the conclusion that the right to jury trial in civil rights actions has been recognized. *Wilson v. City of Aliceville*, 779 F.2d 631 (11th Cir.1986); *Beesley v. Hartford Fire Insurance Co. (I)*, 717 F.Supp. 781 (11th Cir.1989); *Beesley v. Hartford Fire Insurance Co. (II)*, 723 F.Supp. 635 (11th Cir. 1989). Consequently, plaintiff requests that her demand for jury trial be granted.

Defendants oppose the demand for jury trial arguing that although Rule 38(a) provides that the right to trial by jury—as declared by the Seventh Amendment to the Constitution or as provided by a specific statute—shall be preserved, Rule 38(b) requires that the demand be served within ten (10) days after service of the last pleading directed to said issue. The failure to serve the demand within the ten-day period constitutes a waiver, according to Rule 38(d).

Defendants claim that contrary to plaintiff's interpretation of *Beesley v. Hartford Fire Insurance Co. (II), supra*, the right to jury trial in an action pursuant to Title VII of the 1964 Civil Rights Act was not recognized for the first time in said case. They

argue that in *Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987) and *Granfinanciera S.A. v. Nordberg,* 492 U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) the Supreme Court recognized the overriding importance of the seventh amendment's absolute guarantee of trial by jury in all cases not historically considered equitable in nature. Defendants state that *Tull, supra,* held that causes of action created by Congress analogous to suits at common law carry a jury as a matter of right. Since when the instant action was filed *Tull* had already been decided, plaintiff's motion for jury trial must be denied, according to defendants. They argue that plaintiff's failure to make a timely demand, ignoring the *Tull* decision, constitutes a waiver to the right of jury trial.

Plaintiff filed a reply to defendants' opposition on December 15, 1989. She makes reference to Rule 39(b) which provides:

> ... notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the Court in its discretion upon motion may order a trial by jury of any or all the issues.

Plaintiff argues that defendants' opposition does not address the fact that the court may chose to exercise its discretion and grant the request for trial by jury. She alleges that the right to demand a jury trial in a Title VII action was not mentioned at all in *Tull, supra,* a case under the Clear Water Act, 33 U.S.C. § 1319(b).

■ Our analysis of plaintiff's arguments is two-fold—we have taken into consideration the *Tull* and *Beesley* cases, and also the discretion of the court provided by Rule 39(b) pertaining to the demand for jury trial. Although we are not bound by the *Beesley (I) and (II)* decisions, we find that they are well-thought judicial opinions. *Beesley (II)* points out that out of early cases interpreting the Civil Rights Act of 1964 grew the assumption that there was no right to trial by jury in Title VII actions. *Beesley v. Hartford Fire Insurance Co. (II),* 723 F.Supp. at 639. While the Supreme Court did not adopt this assumption,

it did nothing to dispel it either. *Id.* The assumption that actions under Title VII did not entail jury trial got weaker in light of the Supreme Court's "renewed recognition of the power and importance of the Seventh Amendment". *Id.* at 643. *See also Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Tull v. United States, supra; Granfinanciera S.A. v. Nordberg, supra.*

> "The absence of a statutory right to trial by jury does not necessarily preclude a finding that the Seventh Amendment right extends to actions brought pursuant to Title VII". *Beesley v. Hartford Fire Insurance Co. (II),* 723 F.Supp. at 639.

The Supreme Court reached a similar conclusion in *Tull.* (Given the statutory silence, we must answer the constitutional question presented). *Tull v. United States,* 481 U.S. at 417 n. 3, 107 S.Ct. at 1835 n. 3. The Clean Water Act—like the Civil Rights Act—does not expressly withhold nor grant the right to a jury trial. *Beesley v. Hartford Fire Insurance Co. (I),* 717 F.Supp. at 783–84. Taking into account the *Tull* decision, the court in *Beesley (I)* held that all prior Title VII actions denying jury trial should be overruled, unless the relief sought is purely equitable. *Id.* at 784. If a plaintiff seeks compensatory damages—as in the instant action—he or she should be afforded a jury trial, if requested.

The court in *Beesley (II)* reached this conclusion after finding that: 1) the object of Title VII is to make the victim whole; 2) a similarity exists between the allegations in the case and certain torts actions recognized at common law, and 3) the fact that the Supreme Court has never addressed the present issue. *Beesley v. Hartford Fire Insurance Co. (II),* 723 F.Supp. at 643, 652. While *Tull* and other recent Supreme Court cases dealing with the seventh amendment have granted the right to jury trial, there had not been a holding on the subject regarding the Civil Rights Act of 1964 prior to the *Beesley* cases.

Since the *Beesley* decision, the Supreme Court has addressed the issue of whether plaintiffs are entitled to a jury trial in a

Title VII action. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* —— U.S. ——, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990). In *Chauffeurs,* the Supreme Court sets forth:

> The right of a jury trial includes more than the common-law forms of action recognized in 1791; the phrase "suits at common law" refers to "suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered." *Parsons v. Bedford,* 3 Pet. 433, 7 L.Ed. 732 (1830); ... The amendment then may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights. The right extends to causes of action created by Congress. *Id.* 110 S.Ct. at 1344.

In order to determine if a particular action will resolve legal—as opposed to equitable—rights, the court in *Chauffeurs* examined the nature of the issues involved and the remedy sought. *Id.* at 1345. After a thorough analysis of which remedies were sought, it concluded that "the remedy of backpay in this duty of fair representation action is legal in nature." *Id.* at 1349. *See also Brown v. Trustees of Boston University,* 891 F.2d 337 (1st Cir.1989) (Tenure is an appropriate Title VII remedy.).

Rule 39(b) itself contains no reference to any limitations on a district court's discretion to grant or deny a motion under this rule. *Rowlett v. Anheuser–Busch, Inc.,* 832 F.2d 194, 199 (1st Cir.1987). "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care". *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 110 S.Ct. at 1344 (citing *Beacon Theaters, Inc. v. Westover,* 359 U.S. 500, 501, 79 S.Ct. 948, 952, 3 L.Ed.2d 988 (1959) (quoting *Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935)).

The *Rowlett* case reviews the two approaches circuit courts have used when dealing with Rule 39(b)'s discretion. The Second Circuit narrows the discretion requiring something beyond mere inadvertence. *Rowlett v. Anheuser–Busch, Inc., supra; see also Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2nd Cir.1967); *accord Lewis v. Time, Inc.,* 710 F.2d 549, 556 (9th Cir.1983). The Fifth Circuit follows the principle that when the discretion of the court is invoked, it should grant a jury trial in the absence of strong and compelling reasons to the contrary. *Id.; see also Swofford v. B. & W., Inc.,* 336 F.2d 406, 409 (5th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965).

After examining both approaches, the First Circuit set forth that it was "of the view that the discretion under Rule 39(b) is very broad, and the case would be very rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion". *Id.* at 200. *See also* 9 Wright and Miller, *Federal Practice and Procedure* § 2334; *Algarin–Torres v. University of Puerto Rico,* 126 F.R.D. 8, 9 (D.P.R.1989); *Moores v. Greenberg,* 834 F.2d 1105, 1109 (1st Cir.1987).

The court in *Algarin–Torres* stated that although Rule 39(b) does not provide guidelines for the exercise of the discretion in ruling upon an untimely jury request, substantial justice shall prevail. *Algarin–Torres v. University of Puerto Rico, supra.* In exercising its very broad discretion, the court should take into consideration—among other factors concerned with the administration of justice: 1) whether defendants are prejudiced by the granting of the motion; 2) to what extent will special instructions be necessary so that the jury may understand the issues; 3) will factual matter be easily understood by the jury, and 4) possible delays caused by the granting of the jury request. *Id.* at 10. *Id., see also Pawlak v. Metropolitan Life Insurance Co.,* 87 F.R.D. 717 (D.Mass. 1980); *Rowlett v. Anheuser–Busch, Inc.,* 832 F.2d at 200.

**122**

Following *Algarin–Torres*, we find that defendants in the instant action focused their opposition to plaintiff's jury request solely on its untimeliness. There are no allegations of prejudice nor that there are particular circumstances that weigh in favor of a bench trial. We have also considered the "strong federal policy favoring trial by jury of issues of fact". *Id.* Also, as previously mentioned, we find that it was not until recently that a federal court has held that Title VII cases, such as this sex discrimination action, seeking compensatory relief are entitled to jury trial.

Wherefore, in view of the above, plaintiff Mercedes Jenouri's motion requesting trial by jury is hereby GRANTED.

SO ORDERED.