966 F.2d 1440
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Loren A. DAVIS, Plaintiff, Appellant,
v.
BATH IRON WORKS, CORPORATION, et al., Defendants, Appellees.
 No. 92-1023.
 United States Court of Appeals,
First Circuit.
 June 19, 1992
 
 Cutis Weber, John W. Conway and Linnell, Choate & Webber, on brief for appellant.
 Constance P. O'Neil, Arlyn H. Weeks, Conley, Haley, O'Neil & Kaplan, on brief for appellee Bath Iron Works Corporation.
 Jeffrey Neil Young, McTeague, Higbee, Libner, MacAdam, Case & Watson, on brief for appellee Union.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant, plaintiff below, raises only oneissue on this appeal from a final judgment in favor of the defendants. He argues that the district court abused its discretion under Fed. R. Civ. P. 39(b), when it denied his belated demand for a jury trial.
 
 
 2
 This case grows out of the termination of plaintiff's employment as a boiler room operator with defendant Bath Iron Works Corp. ("BIW"). Plaintiff's union pursued plaintiff's grievance through two steps in the grievance procedure but then declined to take the case to arbitration.
 
 
 3
 Plaintiff began this action in the Androscoggin County Superior Court against BIW, his union and its local, alleging breach of contract and breach of the duty of fair representation under § 301(a) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a). The case was removed to the District Court for the District of Maine pursuant to two separate notices of removal joined in by all three defendants. The last necessary responsive pleading was filed with the district court on November 21, 1990. Plaintiff's first demand for a jury trial was made on December 20, 1990 in a letter responding to the magistrate's Scheduling Order. On March 21, 1991, after the cases were consolidated, and at the court clerk's suggestion, plaintiff filed a formal "Objection to Proposed Scheduling Order," again requesting a jury trial. Neither plaintiff's first demand nor his formal objection contained any explanation for his failure to comply with the time limit for jury demands contained in Fed. R. Civ. P. 38(b). After the court overruled plaintiff's objection to the scheduling order, plaintiff then filed a "Motion for Jury Trial" under Fed. R. Civ. P. 39(b), along with an affidavit explaining that plaintiff's counsel was not familiar with federal practice.[1]
 
 
 4
 Fed. R. Civ. P. 81(c) establishes that actions removed from state courts are to be governed after removal by the Federal Rules of Civil Procedure.[2] Plaintiff's demand for a jury trial was thus subject to the time limit in Fed. R. Civ. P. 38(b), which provides that a demand for a jury on any issue triable of right by a jury is to be served "not later than ten days after the service of the last pleading ... ".
 
 
 5
 Under Fed. R. Civ. P. 39(b) "notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."
 
 
 6
 The district court exercised the discretion granted to it in Rule 39(b) to deny plaintiff's motion. We see no reason to disturb that ruling here. The lower court had before it the parties' arguments on all the relevant issues, including plaintiff's counsel's alleged unfamiliarity with federal practice, the likelihood of prejudice to defendants, the nature of the issues to be tried and the extent to which any issues might be particularly appropriate to a jury trial. As we said in Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987), "we are of the view that the discretion under Rule 39(b) is very broad and that the case would be very rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion." Id. at 200. Because the district court is "closer to the arena," its conclusions on matters committed to its discretion are entitled to deference. Travelers Indem. Co. v. Dingwell, 884 F.2d 629 (1st Cir. 1989).
 
 
 7
 Nothing in the record supports plaintiff's contention that the district court applied the wrong standard in deciding plaintiff's motion or failed in any way to give due consideration to all of the relevant facts and arguments.
 
 
 8
 As we find no abuse of discretion here, we need not reach defendants' further argument that the district court's judgment for defendants on the merits rendered harmless any error in its denial of a jury trial. There is also no reason to reach defendants' request for dismissal of this appeal because of plaintiff's failure to provide a trial transcript. Appellees' request for attorneys' fees and costs is denied. While not a strong case, this appeal was not entirely frivolous.
 
 
 9
 Accordingly, the decision below is affirmed.
 
 
 
 [1]
 Defendants debated plaintiff's assertion, noting that plaintiff's counsel had been admitted to practice before the United States Supreme Court in 1968 and was listed as counsel of record in three reported cases before this Court and seven cases before the Federal District Court for the District of Maine
 
 
 [2]
 The remaining portions of Fed. R. Civ. P. 81(c) relating to jury demands are not relevant because the discrete circumstances addressed in the balance of that rule were not present in this case: there were still pleadings required to be filed in this case at the time of removal; the party seeking the jury trial here had not previously made a demand for one in accordance with state law; and this was not a case where a jury trial would have been automatically granted in state court without an express demand