**Miguel Correa VIGIER, Plaintiff,**

v.

**Lissie MARIN, et al., Defendants.**

**Ivelisse Marin, Augusto Marin, Counterclaim Plaintiffs,**

v.

**Miguel Correa, et al., Counterclaim Defendants.**

**Civil No. 08–1559 (FAB).**

United States District Court, D. Puerto Rico.

Aug. 1, 2008.

Angel L. Tapia–Flores, Tapia & Aviles Law Office, San Juan, PR, for Plaintiff.

Luis F. Colon–Conde, C. Conde & Associates, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On April 10, 2008 Miguel Correa filed a suit against Ivelisse Marin, also known as Lissie Marin, in the Commonwealth of Puerto Rico Courts for tortious interference with contract and defamation. On April 11, 2008, Ivelisse Marin and her father, the noted artist Augusto Marin, removed this case from the Commonwealth courts alleging that federal question jurisdiction exists because the resolution of a question of federal law was necessary to resolve the issues in the complaint. (Docket Nos. 1 & 3) On July 1, 2008, plaintiff Correa filed a motion for remand stating that this Court lacks subject matter jurisdiction over the case because the complaint does not state a claim under federal law and because there is no diversity of citizenship among the parties. 28 U.S.C. §§ 1331, 1332. (Docket No. 11) For the reasons discussed below, the Court **GRANTS** plaintiff's motion and remands the case to the Court of First Instance of Puerto Rico, Bayamon Superior Division.

### Discussion

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." See also City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163–64, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

Although a defendant has a statutory right to remove a case originally filed in state court in certain situations, the plaintiff is still the master of his own claim. Caterpillar, Inc. v. Williams, 482 U.S. 386, 391, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). When a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper. See, e.g., Danca v. Private Health Care Systems, 185 F.3d 1, 4 (1st Cir.1999) (citing BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4, 132 F.3d 824, 831 (1st Cir.1997)). Removal statutes are strictly construed against removal. See Rossello–Gonzalez v. Calderon–Serra, 398 F.3d 1, 11 (1st Cir. 2004) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

A state-court suit that includes at least one claim "arising under the Constitution laws, or treaties of the United States" can be removed to federal court. See 28 U.S.C. §§ 1331 and 1441. In deciding whether a claim arises under federal law a court must make its determination by reference to the "well-pleaded complaint." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In other words, to determine whether a case is one arising under the laws of the United States, the court must refer to "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which is thought the defendant might interpose." Taylor v. Anderson, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). Therefore, a de-

fense that raises a federal question is inadequate to confer federal jurisdiction. *Merrell Dow Pharm.*, 478 U.S. at 808, 106 S.Ct. 3229.

Nonetheless, a "more controversial basis for arising under jurisdiction" exists. *Almond v. Capital Properties, Inc.*, 212 F.3d 20, 23 (1st Cir.2000) Federal jurisdiction exists when a well-pleaded complaint necessarily "requires the resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). The scope of this "federal ingredient" doctrine is not clear, however, and must be applied with caution. *Almond*, 212 F.3d at 23.

In *Almond*, the First Circuit Court of Appeals concluded that a removal on federal-question ground was proper because the complaint involved the interpretation of a contractual obligation with the United States. *Id.* at 22. In a later case, however, the First Circuit Court of Appeals held that federal-question jurisdiction was absent because the mere necessity of interpretation of a federal statute as part of a contract claim was insufficient to raise a "substantial" federal question. *Templeton v. American Tissue*, 352 F.3d 33, 41 (1st Cir.2003)

In this case, the "federal ingredient" doctrine cannot be applied because the plaintiff's claims do not raise challenges based on the United States Constitution or a federal law. The complaint originally filed in state court includes two claims: defamation and tortious interference with a contract. The only claim that apparently seems to involve the resolution of a federal issue is the latter. Counter-plaintiffs argue that federal jurisdiction is appropriate because, in order to address the tortious interference state claim, the state court has to entertain the validity of the contract which they claim was interfered by Lissie Marin, and to do so, it must analyze whether Correa violated federal Copyright Law. The Court thinks that is too much of a stretch to support jurisdiction here.

Puerto Rico law requires a showing that a contract be valid for a tortious interference claim to proceed. Federal law does not play a sufficiently prominent role in that issue, however, to give rise to federal question jurisdiction. The question of the contract's validity in this case does not by itself transform plaintiff's state claim into a federal one. The existence of a contract is a matter governed by state law, and whether the object of the contract exists, which counter-plaintiffs allege does not, is only tangential, at best, to federal law. The mere possibility that the paintings and the other works of art sold by Correa are not authentic (therefore giving rise to the nullity of the contract) is not a substantial question of federal law. Rather, it involves the expertise of an art appraiser and that in itself does not have anything to do with federal law. It is difficult to see how these state claims involve in some way the resolution of any federal issue. The "federal ingredient" doctrine is not to be applied expansively. Consequently, the Court finds that the remand petition should be granted. If the counter-plaintiffs believe they have a claim against plaintiff Correa that involves the violation of a copyright, they are free to file a suit in this Court. 28 U.S.C. §§ 1331, 1338(a)

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion. Plaintiff's complaint is hereby **REMANDED** to the Court of First Instance of the Commonwealth of Puerto Rico, Bayamon Superior

Division.    Defendant/Counter-plaintiff's counterclaim is hereby **DISMISSED** without prejudice.    Judgment shall enter accordingly.

**IT IS SO ORDERED.**