Jose Manuel RAMIREZ–
SUAREZ, Plaintiff

v.

FOOT LOCKER INC., et
al., Defendant(s).

Civil No. 08–2052 (JAG).

United States District Court,
D. Puerto Rico.

March 23, 2009.

Carlos Concepcion–Castro, Carlos Concepcion–Castro Law Office, Guaynabo, PR, for Plaintiff.

Angel X. Viera–Vargas, Luis D. Ortiz–Abreu, Goldman Antonetti & Cordova, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Plaintiff Jose Manuel Ramirez Suarez' ("Plaintiff") request to remand the present case to State Court. (Docket No. 4). Furthermore, before this Court is Plaintiff's request for a jury trial. For the reasons set forth below, this Court **DENIES** Plaintiff's remand request and **GRANTS** his request for a jury trial.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2008, Plaintiff filed a civil action in the Commonwealth of Puerto Rico Court of First Instance, Caguas Superior Court against Foot Locker Inc. and Foot Locker Retail Inc. (collectively "Defendants"). The state action contained claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.("ERISA"), the Consolidated Omnibus Budget Reconciliation Act of 1985, 5 U.S.C. § 8905a ("COBRA"), and the laws and Constitution of the Commonwealth of Puerto Rico. On September 16, 2008, the instant case was removed by Defendants from Puerto Rico's Court of First Instance, based on the fact that Plaintiff requested relief under COBRA. (Docket No. 1).[1]

On October 14, 2008, Plaintiff filed a motion for leave to file an amended complaint. (Docket No. 3), which was granted by this Court. (Docket No. 4). The amended complaint contained no federal claims and made a request for a jury trial. Plaintiff also filed a motion to remand the present case to State Court. Plaintiff argues that his claims should be remanded to State Court because this Court's jurisdiction was premised solely on his COBRA claim and said claim was not alleged in the amended complaint. Further, Plaintiff contends that there is no legal basis to retain this matter before this Court because the amended complaint contains no other claims arising under the Constitution, laws, or treaties of the United States and there is no diversity of jurisdiction. (Docket No. 4). On October 28, 2008, Defendants opposed Plaintiff's remand request arguing that in the case at bar there is diversity of jurisdiction. Furthermore,

---

1. "A state-court suit that includes at least one claim 'arising under the Constitution[,] laws, or treaties of the United States' can be removed to federal court." *Vigier v. Marin,* 568 F.Supp.2d 193, 195 (D.P.R.2008); *see also* 28 U.S.C. §§ 1331 and 1441.

Defendants claimed that Plaintiff cannot request a jury trial. (Docket No. 5).

## DISCUSSION

### 1. Remand Request

■ Plaintiff claims that this Court has no legal basis to exercise jurisdiction over the present case. On the other hand, Defendants argue that this case should not be remanded to State Court because this Court has jurisdiction over the case at bar pursuant to 28 U.S.C. § 1332. Jurisdiction premised on 28 U.S.C. § 1332 mandates that the parties be domiciled in different states and that the claim exceed $75,000.00. This type of jurisdiction is referred to as diversity of jurisdiction and exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as a defendant. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); *Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir.2005).

■ For purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569–70, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). "[C]itizenship usually is equated with domicile." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir.2001). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* at 366. "Domicile requires both physical presence in a place and the intent to make that place one's home." *Id.; see Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027 (1904); *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979). It is important to note that for diversity purposes, a corporation is a citizen of both the state where it is incorpo-

rated and "the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In the present case, there is complete diversity among the parties. Plaintiff is domiciled and a resident of the Commonwealth of Puerto Rico. Co-defendant Foot Locker Inc. is a corporation not authorized to do business in Puerto Rico, with its principal place of business in the State of New York. Co-defendant Foot Locker Retail, Inc. is a corporation authorized to do business in Puerto Rico that is organized under the laws of and has its principal place of business in New York. Moreover, here, the claims exceed $75,000.00. Consequently, this Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332. Therefore, this Court will not remand the present case to State Court as requested by Plaintiff and will proceed to address whether Plaintiff has a right to a jury trial.

### 2. Demand for Jury Trial

■ Rule 38 of the Federal Rules of Civil Procedure sets forth the manner in which a party must make his or her demand if a jury trial is desired. *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 62 (1st Cir.2003). Said rule provides in relevant part:

(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.

(b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:

(1) serving the other parties with a written demand-which may be included in a pleading-no later than 10 days after the last pleading directed to the issue is served; and

(2) filing the demand in accordance with Rule 5(d).

(c) Specifying Issues. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may-within 10 days after being served with the demand or within a shorter time ordered by the court-serve a demand for a jury trial on any other or all factual issues triable by jury.

(d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Fed.R.Civ.P. 38.

Although the right to a jury trial is guaranteed by the Constitution, ordinarily, a party must demand a trial by jury not later than ten days after the service of the last pleading directed towards an issue. Fed.R.Civ.P. 38(b). According to Rule 38(b), failure to file a timely demand results in waiver of the right. *Id.; K–Mart Corp. v. Oriental Plaza, Inc.,* 875 F.2d 907, 914 (1st Cir.1989).

 Amendments and supplemental pleadings do not extend the time to make a jury demand except as to "new issues" that are raised. *Lutz v. Glendale Union High Sch., Dist. No. 205,* 403 F.3d 1061, 1066 (9th Cir.2005) (finding that if additional claims are new issues under Rule 38(b), then the plaintiff's jury trial demand is timely as to them); *First Wisconsin Nat'l Bank v. Klapmeier,* 526 F.2d 77, 79–80 (8th Cir.1975) (holding that defendant already waived jury trial on issues raised in original complaint, but could get jury trial solely on "new issue" raised in amended answer). Accordingly, amendments not introducing new issues will not give rise to a demand for a jury trial.

*Fredieu v. Rowan Cos.,* 738 F.2d 651, 653 (5th Cir.1984).

"New issues" do not relate to new theories of recovery. *Id.; Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1050 (9th Cir.1974) (holding that "the presentation of a new theory does not constitute the presentation of a new issue on which a jury trial should be granted [as of right] under ... Rule 38(b)"). Rather, Rule 38(b) is concerned with issues of fact. *Lutz,* 403 F.3d at 1066.

██ Amended pleadings that do not introduce new issues of fact do not renew a right to jury trial that has been waived. *Id.* (holding that a demand for jury trial should be denied if the issues in the original complaint and the amended complaint turn on the same matrix of facts); *In re Texas Gen. Petroleum Corp.,* 52 F.3d 1330, 1339 (5th Cir.1995) (citing *Guajardo v. Estelle,* 580 F.2d 748, 753 (5th Cir.1978)). However, an amended complaint that raises new issues of fact enables a party to request a jury trial for those issues in the manner established by Rule 38(b). *Fredieu v. Rowan Cos.,* 738 F.2d 651, 653 (5th Cir.1984).

Plaintiff's amended complaint proffered no new issues of fact. Therefore, pursuant to Rule 38, Plaintiff has waived his right to a jury trial. Nonetheless, this Court may exercise its discretion and grant Plaintiff's jury trial request.

██ Rule 39(b) affords the district court discretion in ordering that a case be tried by jury, even when no timely motion is filed. *Davis v. Bath Iron Works,* No. 92–1023, 1992 WL 137508, *1, 1992 U.S.App. LEXIS 20666, at *4 (1st Cir.1992). The Rule provides that notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, "the court may, on motion, order a jury trial on any issues for

which a jury might have been demanded." Fed.R.Civ.P. 39(b).

The granting of a jury trial under Rule 39(b) is a matter solely within the Court's discretion.[2] *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 63 (1st Cir.2003); *Rivera Rosa v. Citibank, N.A.*, 549 F.Supp.2d 155, 156 (D.P.R.2007). Rule 39(b) itself contains no reference to any limitations on a district court's discretion. *Rivera Rosa*, 549 F.Supp.2d at 157; *Jenouri v. WAPA–TV*, 747 F.Supp. 118, 121 (D.P.R.1990).

■ Although Rule 39(b) does not provide guidelines for the exercise of discretion in ruling upon an untimely jury request, a Court may consider, several factors among them: 1) whether defendants are prejudiced by the granting of the motion; 2) to what extent will special instructions be necessary so that the jury may understand the issues; 3) will factual matters be easily understood by the jury, and 4) possible delays caused by the granting of the jury request. *Rivera Rosa*, 549 F.Supp.2d at 157 (internal citations omitted).

This Court notes that the Rule 39(b) "on motion" requirement was inserted to prevent district courts from ordering a jury trial *sua sponte* when the parties agreed to a bench trial. *Moores v. Greenberg*, 834 F.2d 1105, 1108 (1st Cir.1987). The First Circuit has indicated that Rule 39 "may be animated by any cognizable affirmation of one party's intent to avail himself of a jury trial." *Id.* Plaintiff's trial by jury request in his Amended Complaint was clearly such an affirmation. Therefore, this Court will proceed to determine whether the above mentioned factors support Plaintiff's trial by jury request,

Regarding the first factor, this Court finds that Defendants will not be unduly prejudiced by having a trial by jury. Additionally, this Court finds that the facts of the case will be easily understood by the jury[3] and, as such, there will no need for an extended list of special instructions. Moreover, as of today, the date for the trial has not been set. Thus, the granting of the jury request does not cause any undue delays. Finally, this Court notes that other than focusing on the untimeliness of Defendants' request, Defendants present no other reason in favor of denying Plaintiff's request for a jury trial. Accordingly, the discretion afforded by Rule 39(b) will be exercised to order a trial by jury for all the triable issues present in this case. Our decision today is in accordance with the "strong federal policy favoring trial by jury of issues of facts." *Algarin–Torres v. University of Puerto Rico*, 126 F.R.D. 8, 10–11 (D.P.R.1989); *Jenouri*, 747 F.Supp. at 122.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's remand request and **GRANTS** Plaintiffs's demand for jury trial as to all his claims.

IT IS SO ORDERED.

---

2. The First Circuit is "of the view that the discretion under Rule 39(b) is very broad and that the case would be very rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion." *Davis*, 1992 WL 137508, *1, 1992 U.S.App. LEXIS 20666, at *4; see also *Moores v. Greenberg*, 834 F.2d 1105, 1109 (1st Cir.1987).

3. The complexity of a case is not a basis to deny a jury trial because "juries are commonly called upon to decide complex cases." *Green Constr. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir.1993).